

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2004

# Villot v. Varner

Precedential or Non-Precedential: Precedential

Docket No. 01-1505

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Villot v. Varner" (2004). *2004 Decisions*. Paper 530.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/530

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT

_____

No.:01-1505
_____

MOSES VILLOT,
Appellant

v.

BENJAMIN VARNER; THE DISTRICT
ATTORNEY OF
THE COUNTY OF PHILADELPHIA;
THE ATTORNEY
GENERAL OF THE STATE OF
PENNSYLVANIA

_____

Appeal from the United States
District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No.
00-cv-05512)
District Judge: Honorable Eduardo C.
Robreno

_____

Argued on October 15, 2003

Before: SLOVITER, ROTH and
STAPLETON, Circuit Judges

(Opinion filed June 30, 2004 )

Stephen J. Binhak, Esquire (Argued)

3103 Philmont Avenue
Huntingdon Valley, PA 19106

Counsel for Appellant

Marilyn F. Murray (Argued)
Assistant District Attorney

Robert M. Falin
Assistant District Attorney

Thomas W. Dolgenos
Chief, Federal Litigation

Ronald Eisenberg
Deputy District Attorney

Arnold H. Gordon
First Assistant District Attorney

Lynn Abraham
District Attorney
Office of District Attorney
1421 Arch Street
Philadelphia, PA 19102

Counsel for Appellees

_____

O P I N I O N

_____

ROTH, Circuit Judge

Moses Villot pled guilty to a
general murder charge in exchange for an
agreement by the Commonwealth of
Pennsylvania not to seek the death penalty.
At the sentencing hearing in the Court of
Common Pleas, Villot was found to have

committed first degree murder and he was sentenced to life in prison. The present appeal is from the denial of Villot's § 2254 petition for writ of habeas corpus, based on three claims that his plea counsel provided ineffective assistance. Villot had unsuccessfully urged one of these claims on direct appeal and all three of them in his state petition for collateral relief. The District Court held that the two claims not presented until Villot's state collateral proceeding were procedurally defaulted because Villot failed to satisfy 42 Pa. Cons. Stat. § 9543(a)(2)(iii), which requires petitioners seeking collateral relief from guilty pleas to plead and prove their innocence. The District Court also held that the claim Villot presented on direct appeal was procedurally defaulted because Villot had failed to seek review in the Pennsylvania Supreme Court and would now be time-barred from doing so.

A motions panel of this court granted a certificate of appealability asking counsel to specifically address whether the innocence provision in § 9543(a)(2)(iii) is an independent and adequate state procedural ground. We now hold that this provision is a substantive requirement rather than a procedural rule and cannot, therefore, give rise to a procedural default of Villot's federal claims. Under federal law, proof of innocence is not a prerequisite to relief from a guilty plea. The Commonwealth of Pennsylvania has, however, tacked on an innocence provision as a substantive element necessary to prove in order to obtain relief from a guilty plea. But a state cannot add a substantive element to the proof necessary to obtain federal relief. A habeas petitioner's inability to meet more restrictive state standards for relief cannot result in a forfeiture of his federal constitutional claims. Accordingly, we conclude that these two collateral relief claims were not procedurally defaulted.

We further hold that Villot's third ineffective assistance claim is not defaulted. Although Villot did not fully exhaust this claim on direct appeal, he did fully exhaust all three claims by petitioning the Pennsylvania Supreme Court for review of the Superior Court's denial of collateral relief. Thus, Villot has invoked "one complete round" of the normal state appellate review process with respect to each claim.[1]  *O'Sullivan v.*

---

[1]  An argument could be made that Villot's third ineffective assistance claim is defaulted, as was determined by the Motions Panel in granting a certificate of appealability on only the first two claims. Because Villot pursued the issue in the third claim to a further extent in his direct appeal (*i.e.*, the Superior Court considered the ineffective assistance of counsel claim on the merits of the conflict of interest issue rather than simply dismissing for failure to plead and prove actual innocence) than he did in his PCRA petition, and then did not seek review of this determination by the Pennsylvania Supreme Court, the third claim could have been dismissed on collateral review under 42 Pa. Const.

*Boerckel*, 526 U.S. 838, 845 (1999). Accordingly, we will reverse the judgment of District Court and remand this case for consideration of the merits of all of Villot's claims.

## II. Facts and Procedural History

In October 1990, Moses Villot pled guilty in the Pennsylvania Court of Common Pleas to the murder of his brother-in-law. Following a degree of guilt hearing, Villot was found guilty of first-degree murder and sentenced to a mandatory term of life imprisonment.[2] Shortly thereafter, Villot, represented by new counsel, filed a timely motion to withdraw his guilty plea, principally arguing that his plea counsel provided ineffective assistance. Following evidentiary hearings in October 1991, the Court of Common Pleas denied Villot's motion. Villot appealed to the Superior Court, arguing, *inter alia*, that his plea

counsel provided ineffective assistance at the degree of guilt hearing due to a conflict of interest. Villot claimed that two of his plea counsel's former clients were the murder victim and the only eye-witness called by the prosecution at the degree of guilt hearing. The Superior Court denied the appeal and Villot did not seek review in the Pennsylvania Supreme Court.

In January 1997, Villot filed a *pro se* petition for collateral relief under Pennsylvania's Post-Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9541 *et seq*, claiming that his plea counsel's ineffective assistance "undermined the truth-determining process" per § 9543(a)(2)(ii) and "unlawfully induced" his guilty plea per § 9543(a)(2)(iii).[3] Counsel was

---

[3] The PCRA provides that a petitioner is eligible for relief if he pleads and proves by a preponderance of the evidence:

> (2) That the conviction or sentence resulted from one or more of the following:
>
>  . . .
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty

---

Stat. § 9543(a)(3), as having already been litigated. The Superior Court did not, however, dismiss the third claim on this ground and, therefore, for the reasons we state in Section IV.C, *infra*, because the state court did not rely on the "already litigated" ground for dismissal, we will not do so in this appeal as a part of our consideration of default.

[2] Villot also pled guilty to two weapons offenses. His terms of imprisonment for these crimes run concurrently with his life sentence for murder.

appointed to represent Villot, but filed a no-merit letter per *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988). The Court of Common Pleas dismissed Villot's petition without opinion and allowed appointed counsel to withdraw.

The Superior Court granted Villot the right to appeal this decision *nunc pro tunc*. Villot raised three ineffective assistance claims on appeal. First, he claimed his plea counsel coerced him into pleading guilty. Second, he claimed that his plea counsel failed to adequately interview him prior to advising him to plead guilty. Finally, he reiterated the conflict of interest claim described above. In July 1999, the Superior Court affirmed the dismissal of his PCRA petition. The court noted that, pursuant to a 1995 amendment, the PCRA now requires a petitioner seeking relief from his guilty plea to show not only that the plea was "unlawfully induced" but also that he is innocent. 42 Pa. Const. Stat. § 9543(a)(2)(iii). The court held that Villot's claims were "not cognizable" under this section because Villot had failed to assert his innocence. The court further noted that Villot admitted facts consistent

---

unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

42 Pa. Cons. Stat. § 9543(a)(2).

with his guilty plea in his brief supporting his PCRA appeal and held that "[o]bviously, Appellant is not innocent."[4] In November 1999, the Pennsylvania Supreme Court denied Villot's petition for allowance of appeal.

In October 2000, Villot filed a 28 U.S.C. § 2254 petition in the Eastern District of Pennsylvania, alleging the same three ineffective assistance claims he had raised in his PCRA appeal. The Magistrate Judge held that Villot's first two claims were procedurally defaulted based on the Superior Court's holding that Villot's claims were "not cognizable." The Magistrate Judge held, however, that Villot's third claim was insulated from the Superior Court's holding because that claim was properly exhausted on direct appeal. The Magistrate Judge noted that Villot failed to petition the Pennsylvania Supreme Court following the Superior Court's denial of his direct appeal, but held that this was no longer a required step in the exhaustion process for habeas cases arising in Pennsylvania. The Magistrate Judge cited *In re: Exhaustion of State*

---

[4] While the Superior Court did not explicitly address Villot's request for relief under the § 9543(a)(2)(ii) ineffective assistance of counsel provision, Villot's desire to withdraw his guilty plea was based on ineffective assistance of counsel. Thus, the Superior Court's ruling necessarily implied that Villot's claim was also not cognizable under § 9543(a)(2)(ii).

4

*Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) (Order 218) of the Pennsylvania Supreme Court, which provides that "in all appeals from criminal convictions . . . a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error." *See Wenger v. Frank*, 266 F.3d 218, 224-25 (3d Cir. 2001) (citing Order 218). Accordingly, the Magistrate Judge considered Villot's conflict of interest claim on the merits, and ultimately recommended that the claim be denied.

The District Judge adopted the Magistrate Judge's report and recommendation with respect to the first two claims but held that the conflict of interest claim was also procedurally defaulted. The District Judge held that Order 218, issued in May 2000, does not apply retroactively and therefore did not apply to Villot's direct appeal, which was denied by the Superior Court in May 1993. *See Wenger*, 266 F.3d at 226 (holding that "Order 218 does not apply in cases in which the time to petition for review by the state supreme court expired prior to the date of the order"). The District Judge concluded, therefore, that Villot's conflict of interest claim was procedurally defaulted because the time to petition the Pennsylvania Supreme Court had long since expired. In February 2001, the District Court dismissed the petition without reaching the merits.

A motions panel of this court issued a certificate of appealability per 28 U.S.C. § 2253(c) with respect to Villot's first two ineffective assistance claims but denied the certificate with respect to the conflict of interest claim, holding that this claim was clearly defaulted. The certificate specifically sought briefing on whether the Superior Court's holding that Villot did not satisfy § 9543(a)(2)(iii)'s innocence requirement constitutes "an 'independent and adequate' state law ground [precluding] review of [Villot's] federal claims" under the procedural default rule. As explained below, our consideration of Villot's first two claims requires us also to reconsider the motions panel's earlier conclusion that his conflict of interest claim was defaulted.

## III. Jurisdiction and Standard of Review

The District Court exercised jurisdiction over Villot's habeas petition under 28 U.S.C. §§ 2241 and 2254. We have jurisdiction to review the District Court's order denying Villot's petition under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions in a habeas proceeding, *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992), including its resolution of legal questions arising from application of the procedural default doctrine. *Hull v. Kyler*, 190 F.3d 88, 97 (3d Cir. 1999).

## IV. Discussion

In our order granting Villot's

5

request for a certificate of appealability we asked the parties to consider whether the Superior Court's holding that Villot did not satisfy § 9543(a)(2)(iii)'s innocence requirement constitutes "an 'independent and adequate' state law ground [precluding] review of [Villot's] federal claims." We no longer need to address this issue, however, because we now hold that the innocence provision is substantive rather than procedural. By definition, the procedural default rule only applies to state procedural rules. We further hold that Villot's non-compliance with certain state procedural rules, not discussed by the District Court, also does not support a finding of procedural default because the Superior Court did not rely on these grounds in concluding that Villot's claims were not cognizable under the PCRA. Finally, we hold that Villot properly exhausted all of his ineffective assistance claims in the PCRA proceeding, and therefore the District Court must consider the merits of all of them on remand.

**A.Because § 9543(a)(2)(iii)'s innocence requirement is substantive rather than procedural, it cannot give rise to procedural default of Villot's federal claims.**

Under the procedural default rule, "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (internal citations omitted). Villot does not claim that the "cause and prejudice" or "fundamental miscarriage of justice" exceptions excuse his failure to allege and prove his innocence in his PCRA proceeding as required by § 9543(a)(2)(iii). Further, Villot does not claim, and there is no basis to speculate, that the Superior Court's holding was interwoven with or based on federal law; it is clear that the state court ruling was "independent." Rather, the parties focus almost exclusively on whether § 9543(a)(2)(iii)'s innocence clause is "adequate" to support the Superior Court's judgment. *See Szuchon v. Lehman*, 273 F.3d 299, 325 (3d Cir. 1999) (stating that a procedural rule is adequate only if it is "firmly established, readily ascertainable, and regularly followed") (citing *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)). We need not reach this issue, however, because we now hold that the innocence clause is a substantive requirement, not a procedural rule, and therefore cannot give rise to a procedural default.

Before 1995, § 9543(a)(2)(iii) required a PCRA petitioner challenging the validity of his guilty plea to "plead and prove" that his plea was "unlawfully induced where the circumstances make it likely that the inducement caused him to plead guilty." *See Commonwealth v. Banks*, 656 A.2d 467, 470 (Pa. 1995) (quoting former provision). Following the 1995 amendment to this provision, the petitioner must now also "plead and

6

prove" that circumstances make it likely that "the petitioner is innocent." 42 Pa. Cons. Stat. § 9543(a)(2)(iii); *Commonwealth v. Michael*, 755 A.2d 1274, 1277 (Pa. 2000) (citing current provision). This clause plainly adds a substantive element to Pennsylvania's test for obtaining collateral relief from guilty pleas. Substantive law "creates, defines, and regulates rights and duties of parties." *Black's Law Dictionary* 1429 (6th ed. 1990). In contrast, procedural law "prescribes method[s] of enforcing rights or obtaining redress for their invasion." *Id.* at 1203. The Pennsylvania legislature amended the definition of a PCRA petitioner's right to collateral relief by adding a new element, the innocence requirement.

Granted, given the structure of the statute defining eligibility for PCRA relief, any substantive addition creates a corresponding procedural addition. The first sentence of the act requires petitioners to "plead" as well as "prove" certain facts, including, of course, the claimed error. *See* 42 Pa. Cons. Stat. § 9543(a). At oral argument the state relied on this general pleading requirement to argue that the innocence provision is procedural rather than substantive. Specifically, the state noted that the Superior Court deemed Villot's PCRA appeal "not cognizable" because he failed to *allege* his innocence. First, this argument conflates the pleading requirement in the first sentence of § 9543 with the innocence requirement at subsection (a)(2)(iii); the fact that the former rule is procedural does not change

the substantive nature of the latter requirement. Second, the state implies that Villot could have satisfied the innocence requirement simply by asserting his innocence with no intention of actually demonstrating his lack of guilt. We reject this bizarre position, which ignores the plain language of the statute and would reduce the innocence requirement to a meaningless formality. Finally, the state ignores the remainder of the Superior Court's opinion, in which the court noted certain admissions in Villot's brief and held that Villot was "[o]bviously . . . not innocent." Thus, the Superior Court reached the merits of Villot's claim by holding that he could not satisfy the innocence requirement.

Furthermore, the innocence requirement makes Pennsylvania's test for evaluating ineffective assistance claims related to guilty pleas more restrictive than the federal test.[5] A § 2254 petitioner who

---

[5] We note that ineffective assistance claims based on the performance or advice of plea counsel may now be raised in PCRA proceedings under subsection (a)(2)(ii), which does not require assertion or proof of innocence. At the time of the Superior Court's ruling on Villot's PCRA appeal in July 1999, however, Pennsylvania's lower courts had consistently held that ineffective assistance claims relating to guilty pleas were not cognizable under subsection (a)(2)(ii) because guilty pleas did not implicate the "truth-determining

claims that his counsel's ineffective assistance caused him to enter an involuntary or unknowing plea may obtain collateral relief regardless of whether he asserts or proves his innocence. To prevail, the petitioner must establish "that (i) his or her counsel's representation fell below an objective standard of reasonableness demanded of attorneys in criminal cases; and (ii) there is a reasonable probability that, but for counsel's errors, he or she would have

---

process." *See Commonwealth v. Woodrow*, 743 A.2d 458, 460 (Pa. Super. Ct. 1999); *Commonwealth v. Laszczynski*, 715 A.2d 1185, 1187-88 (Pa. Super. Ct. 1998); *Commonwealth v. Shekerko*, 639 A.2d 810, 813 (Pa. Super. Ct. 1994). The Superior Court's decision in Villot's case explicitly relied on *Laszczynski*, and the Pennsylvania Supreme Court denied Villot's petition for allowance of appeal. However, though too late to help Villot, the court later overruled this line of decisions in *Dadario v. Goldberg*, holding that subsection (a)(2)(ii) encompassed "all constitutionally-cognizable claims of ineffective assistance of counsel," including ineffective assistance claims related to the defendant's decision to plead guilty or not. 773 A.2d 126, 127-28, 130-31 (Pa. 2001); *see also Commonwealth v. Hickman* , 799 A.2d 136, 141 (Pa. Super. Ct. 2002) (holding that PCRA will afford relief if ineffective assistance of counsel caused defendant to enter involuntary guilty plea).

proceeded to trial instead of pleading guilty." *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In *Nahodil,* we indicated that a petitioner's past assertions of innocence may help substantiate his claim that he would have proceeded to trial but for his counsel's errors, 36 F.3d at 326-27, but we have never suggested that a failure to assert or prove innocence precludes a finding of prejudice. Thus, by requiring a PCRA petitioner to "plead and prove" his innocence to obtain collateral relief from his guilty plea, subsection 9543(a)(2)(iii) tacks on an additional substantive element on top of those required by federal law.

The procedural default rule is an application of the independent and adequate state ground doctrine. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Under this doctrine, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729 (citations omitted). While the independent and adequate state ground doctrine applies whether the state law ground is substantive or procedural, *id.*, the procedural default rule applies, by definition, only to procedural rules. "The [procedural default] doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state *procedural* requirement. In these cases, that state judgment rests on

8

independent and adequate *procedural* grounds." *Id.* (emphases added). This distinction between procedural and substantive rules is perfectly consistent with the procedural default rule's rationale, which is that state courts should not be deprived of an opportunity to correct their own errors by the habeas petitioner's failure to abide by the state's reasonable procedural rules:

> Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's *procedural* requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.

*Id.* at 731-32 (emphasis added); *see also Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) (articulating similar rationale). However, when a state tacks on substantive additions to federal claims, it is the state itself that has forfeited its opportunity to consider the federal claims of the class of petitioners who cannot satisfy the additional state-created substantive requirement. The considerations of comity and federalism underlying the procedural default rule have no application in such cases. *See Coleman*, 501 U.S. at 730 (explaining that application of independent and adequate state ground rule in habeas is grounded in comity and federalism concerns, not

jurisdictional limits).

In fact, an interpretation of the procedural default rule that extended to state substantive restrictions on federal claims would violate the supremacy clause. *See* U.S. Const. art. VI. The states have no obligation to provide collateral relief to convicted criminals at all, *see Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (citation omitted), and the relief they elect to provide need not be co-extensive with that provided by federal statutory or constitutional law. Thus, the Pennsylvania legislature was free to set a higher bar for collateral relief from guilty pleas than federal law provides.[6] A holding that the procedural default rule applies in this case, however, would effectively impose Pennsylvania's extra-constitutional restrictions on collateral relief on federal habeas proceedings despite 28 U.S.C. § 2254(a), which authorizes relief whenever a prisoner is held in custody "in violation of the Constitution or laws or treaties of the United States."

Accordingly, we do not need to determine whether the Superior Court's application of § 9543(a)(2)(iii)'s innocence requirement satisfies the "independent and adequate" state ground test because, even assuming it does, it

---

[6] Of course, the scope of relief provided must be consistent with the state's own constitutional law, but that issue is not before the court.

9

cannot foreclose federal habeas review of Villot's ineffective assistance claims.

**B. Villot's habeas petition is not procedurally defaulted because of his non-compliance with § 9543(a)(3).**

Section 9543(a)(2)(iii) provided a substantive basis for the Superior Court's holding that Villot's claims were "not cognizable" under the PCRA. However, it appears that the Superior Court could have also denied relief on procedural grounds. Specifically, the court could have held that Villot failed to comply with 42 Pa. Const. Stat. § 9543(a)(3), which provides that a PCRA petitioner must plead and prove "[t]hat the allegation of error has not been previously litigated or waived."[7] Although the state does not rely on § 9543(a)(3) directly, in both its brief and at oral argument it placed great emphasis on its contention that Villot waived two of his ineffective assistance claims by failing to raise them prior to his PCRA proceeding. We treat this as an argument that Villot's claims should be considered procedurally

defaulted under § 9543(a)(3), but we reject this argument because the Superior Court did not rely on § 9543(a)(3) in denying Villot's PCRA appeal.

First, it seems clear that the Superior Court could have held that some or all of Villot's PCRA claims were either previously litigated or waived. There is no doubt that Villot's conflict of interest claim was previously litigated in both Villot's motion to withdraw his guilty plea and on direct appeal. Next, Villot's claim that his plea counsel failed to adequately interview him and investigate his case could have been deemed waived by the Superior Court because it was not raised before the trial court or on direct appeal.[8]

---

[7] A claim has been previously litigated if "the highest court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa. Cons. Stat. § 9544(a)(2). A claim has been waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* at § 9544(b).

[8] Until recently, defendants in Pennsylvania had to raise any ineffective assistance claims "at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant," or else these claims would be considered waived. *Commonwealth v. Hubbard*, 372 A.2d 687, 695 n.6 (Pa. 1977). Because Villot obtained new counsel before he made his motion to withdraw his guilty plea, he was obligated to raise any ineffective assistance claims in that motion. The Pennsylvania Supreme Court overruled *Hubbard* in 2002, holding that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002).

Finally, with respect to Villot's claim that his plea counsel coerced him into pleading guilty, the state argues that this is just a variation on his conflict of interest claim.[9]

---

"Thus, any ineffectiveness claim will be waived only after a petitioner has had the opportunity to raise that claim on collateral review and has failed to avail himself of that opportunity." *Id.* The court also held that the new rule would be applied retroactively to cases currently pending on direct appeal in which ineffective assistance claims had been raised and preserved, but not to cases pending on collateral review. *Id.* at 738-39 & n.16. Of course, Villot's direct and collateral state proceedings had long been closed by the time *Grant* was issued, so the new rule has no application here.

[9] Villot's counsel does not explain the basis of this claim in his briefing to this court, but the gist of the claim can be gleaned from Villot's *pro se* brief in the district court and the Magistrate Judge's report and recommendation. Villot claims that his plea counsel pressured him to plead guilty so that counsel could avoid cross-examining Adam Romero, the chief prosecution witness and counsel's former client, at trial. If this is the extent of Villot's claim, it is simply a re-statement of Villot's conflict of interest claim. The Pennsylvania Supreme Court has held that the "previously litigated" prong of subsection (a)(3) bars simple variations of previously litigated claims as well as

If the state is correct, this claim could also have been deemed "previously litigated." If the state is incorrect and this claim is considered distinct, the Superior Court might have held that this claim was waived because Villot did not raise it in his motion to withdraw his guilty plea or on direct appeal.

Thus, if the Superior Court had barred review of some or all of Villot's claims on the basis of § 9543(a)(3) rather than, or in addition to, its ruling based on § 9543(a)(2)(iii), it could be argued that the procedurally barred claims were defaulted for purposes of federal habeas review.[10] However, "a federal claimant's procedural default precludes federal habeas review . . . *only* if the last state court rendering a judgment in the case rests its judgment on the procedural default."[11] *Harris v. Reed*, 489 U.S. 255,

---

the exact claims themselves. *See Commonwealth v. Carpenter*, 725 A.2d 154, 166-67 (Pa. 1999) (citation omitted).

[10] This statement is qualified because we cannot and need not definitively state that Villot could not have raised any valid objections to application of the procedural default rule had the Superior Court relied on § 9543(a)(3) to deny his PCRA appeal.

[11] This rule is inapplicable where the state court has not been presented with the federal claim. *Harris*, 489 U.S. at 263 n.9. In that event, the federal habeas

11

262 (1989) (emphasis added). If the state court does not actually enforce the procedural rule in question, the "federal court implies no disrespect for the state by entertaining the claim." *County Court of Ulster County, N.Y. v. Allen*, 442 U.S. 140, 154 (1979); *see also Smith v. Freeman*, 892 F.2d 331, 336 (3d Cir. 1989) (relying on *Harris* and *Ulster* to hold that a claim was not procedurally barred under a certain state procedural rule where the Pennsylvania courts did not rely on this rule and addressed the merits of the petition instead). The Superior Court's opinion rejecting Villot's PCRA appeal rests exclusively on subsection (a)(2)(iii), and does not mention § 9543(a)(3) or any other procedural basis for its ruling.[12] Under the presumption established in *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991),

_____

court may hold the claim procedurally defaulted "if it is clear that the state court would hold the claim procedurally barred." *Id.* But since the PCRA courts were presented with Villot's federal claims, the *Harris* rule and not its exception applies.

[12]    In contrast, in *Cabrera v. Barbo*, 175 F.3d 307, 310-13, (3d Cir. 1999), the case principally relied on by the state at oral argument, the New Jersey state courts explicitly relied on a state waiver rule in denying a prisoner's state petition for post-conviction relief. Therefore, *Cabrera*'s holding that the prisoner's claims were procedurally defaulted in federal court is inapplicable to the instant case.

the Pennsylvania Supreme Court's refusal to review the Superior Court's order is presumed to rest on the same ground. Comity does not require, nor would it justify, any endeavor by this Court to substitute an unmentioned procedural ground in place of subsection (a)(2)(iii) in order to hold Villot's claims procedurally defaulted in federal court.

**C. Villot's conflict of interest claim was not defaulted because of the manner in which it was concluded by the state in the PCRA proceeding.**

In its order granting Villot's certificate of appealability with respect to two of his ineffective assistance claims, the motions panel denied the certificate with respect to his ineffective assistance claim based on an alleged conflict of interest. The motions panel agreed with the District Court that this claim was procedurally defaulted because Villot failed to fully exhaust it on direct appeal by seeking review in the Pennsylvania Supreme Court and would now be time-barred from doing so. That ruling, however, failed to account for the fact that Villot presented this same claim, along with his other two ineffective assistance claims, to Pennsylvania's highest court following the Superior Court's denial of his PCRA appeal. We now hold that all three of Villot's ineffective assistance claims were properly exhausted during the

PCRA proceedings.[13]

Before a federal court may grant a § 2254 habeas petition, the state prisoner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan*, 526 U.S. at 842. "The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *Id.* at 845. The prisoner typically exhausts his federal claims by fairly presenting each claim at each stage of the state's established appellate review process. *Id.* However, when the state refuses to consider the merits of the prisoner's claims because the petitioner has failed to comply with the state's procedural requirements, his claim is nonetheless technically exhausted because "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(I), despite the fact that the petitioner has "deprived the state courts of an opportunity to address [the federal] claims in the first instance. *Coleman*, 501 U.S. at 732. Thus, the procedural default rule avoids frustration of the purpose behind the exhaustion requirement by

---

[13] We may not consider issues on appeal that are not within the scope of the certificate of appealability (COA). 28 U.S.C. § 2253(c)(3); Third Circuit Local Appellate Rule 22.1(b); *Miller v. Dragovich*, 311 F.3d 574, 577 (3d Cir. 2002); *Hiivala v. Wood*, 195 F.3d 1098, 1102-03 (9th Cir. 1999). However, the merits panel may expand the scope of the COA beyond the scope announced by the motions panel. *See* 3d Cir. LAR 22.1(b); *Hiivala*, 195 F.3d at 1103-04 (explaining that the "law of the case" doctrine does not preclude the merits panel from expanding the scope of a COA granted by the motions panel because the proper scope of a COA is a jurisdictional issue). The fact that Villot did not request expansion is not controlling — the merits panel may expand the COA *sua sponte*. *See* 3d Cir. LAR 22.1(b) (contemplating *sua sponte* expansion); *United States v. Morgan*, 244 F.3d 674, 675 (8th Cir. 2001) (en banc) (holding that Eighth Circuit hearing panel may "consider *sua sponte* issues beyond those specified in a certificate of appealability, whether the certificate was issued by a district court or by an administrative panel of [the Eighth Circuit]"); *cf. Robinson v. Johnson*, 313 F.3d 128, 133 (3d Cir. 2002) (citing *Dunn v. Colleran,* 247 F.3d 450, 456 (3d Cir.2001), for the proposition that a district court may grant a COA *sua sponte*). Accordingly, we exercise our discretion to expand the COA to cover Villot's conflict of interest

claim. We note that while our expansion of the COA in this case is technically *sua sponte* because Villot did not ask us to revisit the motion panel's ruling denying the COA as to his conflict of interest claim, the effect of our revision is simply to consider each of Villot's claims on the basis of the same legal theory, not to include a new issue not envisioned by the parties.

precluding federal review of procedurally barred claims unless the petitioner can establish "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the procedural default. *Id.*; *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002) (citation omitted).

The District Court correctly ruled that Villot did not fully exhaust his conflict of interest claim on direct appeal because he did not petition the Pennsylvania Supreme Court for review of the Superior Court's denial of his appeal.[14] However, Villot presented both this claim and his other two claims to the Pennsylvania Supreme Court following the Superior Court's denial of his PCRA appeal. A prisoner is only required to invoke "*one* complete round" of the state's established appellate process to satisfy the exhaustion requirement, *O'Sullivan*, 526 U.S. at 845 (emphasis added), and Villot did so during his PCRA proceedings.

If § 9543(a)(2)(iii)'s innocence provision were procedural rather than substantive, then the District Court's ruling would have been correct. As explained above, a procedurally barred claim is *technically* exhausted but not *properly* exhausted because the state courts are not given a fair opportunity to address the federal claim on the merits. *See O'Sullivan*, 526 U.S. at 848. If § 9543(a)(2)(iii)'s innocence provision were a procedural bar then Villot would have lost his only opportunity to properly exhaust his federal claims when he failed to petition the state's highest court following his direct appeal. Because we have held that this provision is substantive, however, *see supra* Part IV.A., and because the Superior Court did not deny Villot's PCRA appeal on any procedural ground, *see supra* Part IV.B., we hold that Villot properly exhausted his ineffective assistance claims by presenting them to the state's highest court during his PCRA proceedings.

## V. Conclusion

For the reasons stated above, we will reverse the District Court's dismissal of Villot's habeas petition and remand this

---

[14] In *O'Sullivan* the Supreme Court held that AEDPA's exhaustion provisions require state prisoners to "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." 526 U.S. at 847. In May 2000 the Supreme Court of Pennsylvania issued Order 218 which endeavored to eliminate petitions for discretionary review from the ordinary appellate review procedure. *See Wenger v. Frank*, 266 F.3d 218, 220, 224-25 (3d Cir. 2001) (providing text of Order 218). As was the case in *Wenger*, we need not consider the effect of Order 218 on AEDPA's exhaustion requirement in this case because Villot's time to petition for discretionary review elapsed years before the date of the order. *See* 266 F.3d at 226 ("Order 218 does not apply in cases in which the time to petition for review by the state supreme court expired prior to the date of the order.")

case for consideration of the merits of all three of Villot's claims.[15]

---

[15]  The state has invited us to address the merits of Villot's claims in the first instance on appeal should we decide, as we have, that Villot's claims were not defaulted.  The state argues that we have the power to address the merits in the first instance under 28 U.S.C. § 2254(b)(2), which authorizes federal courts to deny habeas petitions on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Although § 2254(b)(2) does not, by its terms, apply to the procedural default context, in *Hameen v. Delaware*, 212 F.3d 226, 251-52 (3d Cir. 2000), we relied on this section to reach the merits of a habeas petition rather than consider whether the issue had been procedurally defaulted in the state courts.  However, we need not decide whether we can or should follow the state's suggestion, because the record on appeal is insufficient to permit a thorough review of Villot's claims.  We have not been provided with a transcript of the evidentiary hearing held in the Superior Court on Villot's motion to withdraw his guilty plea.  Further, the transcript of the degree of guilt hearing is incomplete — specifically, the pages of the transcript containing the testimony of Adam Romero, witness for the prosecution and Villot's plea counsel's former client, are missing.