

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2008

# Nicoloudakis v. DA Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1792

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Nicoloudakis v. DA Philadelphia" (2008). *2008 Decisions*. Paper 353.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/353

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1792

_____

FRANKLIN NICOLOUDAKIS,
                                        Appellant

v.

LYNNE ABRAHAM, PHILADELPHIA DISTRICT ATTORNEY;
ROBERT J. MALVESTUTO, CO-CHIEF PROBATION OFFICER;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 05-cv-00563
(Honorable Timothy J. Savage)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2008
Before:  SCIRICA, Chief Judge, HARDIMAN and COWEN, Circuit Judges

(Filed October 17, 2008)

_____

OPINION OF THE COURT

_____

PER CURIAM.

    Appellant, Franklin Nicoloudakis, appeals an order of the United States District

Court for the Eastern District of Pennsylvania dismissing his petition for a writ of habeas

corpus filed pursuant to 28 U.S.C. § 2254.

Following a bench trial in the Philadelphia County Court of Common Pleas, Nicoloudakis was convicted of one count of corrupting the morals of a minor. See 18 Pa. Cons. Stat. Ann. § 6301(a)(1). The charge stemmed from an incident in December 1999, in which Nicoloudakis propositioned a fifteen-year-old boy for sex. On February 7, 2002, Nicoloudakis was sentenced to three years of probation. Nicoloudakis appealed and, with the assistance of new counsel, raised, inter alia, three ineffective assistance of trial counsel claims. In particular, Nicoloudakis alleged that his trial counsel failed to cross-examine the victim concerning an alleged bias against homosexuals, neglected to argue that a mistake of age was not precluded as a defense to the charges, and overlooked the Commonwealth's introduction of a photograph of the victim that had not been produced in discovery. While the direct appeal was pending, the Pennsylvania Supreme Court held, for the first time, that ineffective assistance of counsel claims should be raised in collateral proceedings rather than on direct appeal. See Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002). Relying on Grant, the Pennsylvania Superior Court dismissed Nicoloudakis' ineffectiveness of trial counsel claims without prejudice to raising them on collateral review.[1] The Pennsylvania Supreme Court denied allocatur in April 2004.

On December 10, 2004, Nicoloudakis filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), raising new ineffective assistance of counsel claims. Without addressing the merits of those claims, the PCRA court dismissed the petition in

_____

[1] The Superior Court denied Nicoloudakis' remaining claims on the merits.

March 2005 because Nicoloudakis' probationary sentence had by then expired.  See 42

Pa. Cons. Stat. Ann. § 9543(a)(1)(i) ("To be eligible for relief . . . the petitioner must

plead and prove . . . that the petitioner . . . is at the time relief is granted . . . currently

serving a sentence of imprisonment, probation or parole for the crime."); Commonwealth

v. Ahlborn, 683 A.2d 632, 637-40 (Pa. Super. Ct. 1996) (holding that the custody

requirement applies as of the date relief could be granted).  The Superior Court agreed

that Nicoloudakis was no longer eligible for relief under the PCRA.  Allocatur again was

denied.

Meanwhile, on February 4, 2005, three days before the expiration of his

probationary period, Nicoloudakis filed in the United States District Court for the Eastern

District of Pennsylvania a petition under 28 U.S.C. § 2254, which he later amended.[2]  The

petition presented, among other challenges, several of the ineffective assistance of

counsel claims that had been raised in Nicoloudakis' direct appeal and PCRA petition.  A

Magistrate Judge concluded that the claims were procedurally defaulted.  The District

---

[2] A Magistrate Judge initially recommended that the petition be dismissed for lack of jurisdiction because Nicoloudakis did not meet the "in custody" habeas requirement.  See 28 U.S.C. § 2254(a) (providing that district court has jurisdiction to entertain a habeas petition only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States.").  The Commonwealth conceded, however, that Nicoloudakis met the custody requirement.  See Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (stating that custody is determined at the time the habeas petition is filed); Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (holding that custody requirement is satisfied where the petitioner is on probation).  Consequently, the District Court referred the case back to the Magistrate Judge for further consideration.

Court agreed, dismissed the § 2254 petition, and denied issuance of a certificate of appealability ("COA"). After the District Court denied his timely motion under Fed. R. Civ. P. 59(e), Nicoloudakis appealed.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. §§ 1291 and 2253.[3] Because no evidentiary hearing was conducted in the District Court, our review of the District Court's legal conclusions is plenary. See Jacobs v. Horn, 395 F. 3d 92, 99 (3d Cir. 2005). Our review is also plenary as to determinations regarding exhaustion and procedural default. See Albrecht v. Horn, 485 F.3d 103, 114 (3d Cir. 2007).

In general, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also 28 U.S.C. § 2254(b)(1)(A). A prisoner has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). An exception to the exhaustion requirement exists, however, where "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or "circumstances exist that render such process ineffective to

---

[3] We do not accept the Commonwealth's invitation to dismiss this case for lack jurisdiction because the COA did not specify that Nicoloudakis had made a substantial showing of the denial of a constitutional right. See Lambert v. Blackwell, 387 F.3d 210, 231 (3d Cir. 2004); Szuchon v. Lehman, 273 F.3d 299, 311 n.5 (3d Cir. 2001); Villot v. Varner, 373 F.3d 327, 337 n.13 (3d Cir. 2004).

4

protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii); see also Parker v. Kelchner, 429 F.3d 58, 62 (3d Cir. 2005).

At the time Nicoloudakis filed his direct appeal, in October 2002, "the general rule [in Pennsylvania] was that claims of ineffectiveness were to be presented at the time a petitioner obtained new counsel." Grant, 813 A.2d at 733 (citation omitted). That is exactly what Nicoloudakis did. But during the pendency of his direct appeal, the Pennsylvania Supreme Court held that ineffectiveness claims should be brought in a PCRA petition. See id. at 738. Because that rule did not render unavailable the state corrective process or bar Nicoloudakis from raising his trial counsel ineffectiveness claims, it did not provide an exception to the exhaustion requirement or constitute a basis for procedural default. Importantly, however, a separate state procedural rule, namely the custody requirement of 42 Pa. Cons. Stat. Ann. § 9543(a)(1)(i), did prevent Nicoloudakis from obtaining state court relief.

Under similar circumstances, we recently held that noncompliance with Pennsylvania's custody requirement resulting from expiration of the petitioner's sentence did not result in a procedural default necessitating a cause and prejudice analysis. See Leyva v. Williams, 504 F.3d 357, 368-69 (3d Cir. 2007). Instead, we reasoned that expiration of the sentence, a factor outside the petitioner's control, excused the petitioner's failure to exhaust by eliminating the state corrective process. See id. (citing § 2254(b)). Here too, the circumstances of Nicoloudakis' case rendered state court

review of his ineffective assistance claims impossible. See § 2254(b)(1)(B)(ii). These claims were dismissed without prejudice on direct appeal pursuant to Grant, and the remaining avenue for relief – PCRA proceedings – was foreclosed when Nicoloudakis' sentence expired. Therefore, the Magistrate Judge should have excused exhaustion and proceeded to the merits of the ineffective assistance of counsel claims that Nicoloudakis raised in state court and presented in his § 2254 petition.

We will now proceed to their merits of the ineffectiveness claims because the parties have addressed them in their briefs. Cf. Leyva, 504 F.3d at 370 (remanding where parties had not been briefed or argued merits of claims improperly deemed procedurally defaulted). Because the reviewable claims were not addressed on the merits by the state courts, we must use the pre-AEDPA standard and "conduct a de novo review over pure legal questions and mixed questions of law and fact . . . . However, the state court's factual determinations are still presumed to be correct, rebuttable upon a showing of clear and convincing evidence." Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (citing 28 U.S.C. § 2254(e)(1)).

To establish constitutional ineffectiveness of counsel, a petitioner must demonstrate that his counsel's performance was so deficient that it fell below an objective standard of reasonableness under prevailing professional norms. See Strickland v. Washington, 466 U.S. 668, 688 (1984). The petitioner must also show that counsel's deficient performance was prejudicial. Id. at 687-88. To establish prejudice, it must

appear to a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694. "Judicial scrutiny of counsel's performance must be highly deferential," as "[t]here are countless ways to provide effective assistance in any given case." Id. at 689.

After thoroughly reviewing Nicoloudakis' ineffectiveness claims, we are convinced that none of the alleged deficiencies in counsel's performance satisfies Strickland's prejudice requirement. At trial, Nicoloudakis denied the victim's accusations, which he argued were borne out of the victim's animosity toward homosexuals. On direct appeal, Nicoloudakis argued that his attorney, by cross-examining the victim about his alleged bias, could have demonstrated that the victim's allegations were fabricated. Importantly, however, even if the victim had admitted to having negative feelings about homosexuals, such an admission would not necessarily indicate that his story was fabricated. Moreover, the testimony of a police officer, who stated that the victim appeared scared and upset when he reported the incident shortly after it occurred, further undermines any suggestion that the victim was not telling the truth. Given these facts, the failure to cross-examine the victim in an attempt to discredit him did not prejudice Nicoloudakis' defense.

Nicoloudakis also claimed that his attorney neglected to argue that mistake of age was not precluded as a defense to the charges. Nicoloudakis was convicted under 18 Pa.

Cons. Stat. Ann. § 6301(a)(1), which provides that "[w]hoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, . . . commits a misdemeanor of the first degree." The statute allows a mistake of age defense only when "the criminality of conduct depends upon the corruption of a minor whose actual age is 16 years or more but less than 18 years." § 6301(d)(2). A plausible reading of the statute is that, if the minor's actual age is under 16, "it is no defense that the actor did not know the age of the minor or reasonably believed the minor to be older than 18 years." § 6301(d)(1). Here, the victim told Nicoloudakis that he was eighteen years old. But because the victim was in fact fifteen years old, Nicoloudakis was precluded from using a mistake of age defense. Therefore, there is no reasonable probability that the outcome of Nicoloudakis' trial would have been different had his attorney pursued such a defense.

Nicoloudakis also claimed that his attorney failed to object to the Commonwealth's introduction of a photograph of the victim that had not been produced in discovery. As a means to rebut Nicoloudakis' mistake of age argument, the Commonwealth proposed calling the victim's mother as a witness to authenticate a photograph of her son that was taken around the time of the offense. In the interest of judicial economy, the parties agreed to stipulate that if the victim's mother was called, she would testify that the photograph was taken in the fall of 1999 and that the victim's appearance in the photograph was similar to his appearance in December 1999, when the

8

offense occurred. Because Nicoloudakis was precluded from asserting a mistake of age defense, however, any evidence concerning the victim's appearance was irrelevant. Thus, his attorney's alleged failure to oppose introduction of the photograph could not have resulted in any prejudice.

In his PCRA petition, Nicoloudakis complained that his attorney failed to argue that 18 Pa. Cons. Stat. Ann. § 6301(d)(1) – the provision limiting the availability of a mistake of age defense – was unconstitutional because it "force[d]" the trial court to ignore "exculpatory evidence" that the victim told Nicoloudakis that he was eighteen years old. In support of his claim, Nicoloudakis relied on Carella v. California, 491 U.S. 263 (1989), where the Supreme Court found that jury instructions unconstitutionally relieved the government of its burden to establish every element of the charged offense beyond a reasonably doubt. Id. at 266. Nicoloudakis contended that § 6301(d)(1) was unconstitutional because it permitted the trial court to conclusively presume that he had the requisite mens rea. But, unlike in Carella, where the jury instructions removed the prosecution's burden of establishing each element of the offense, § 6301(d)(1) represents the legislature's determination no mens rea element is required where the minor is under sixteen years old. Because the underlying constitutional argument lacks merits, Nicoloudakis' trial attorney cannot be deemed ineffective for failing to raise it. See Werts v. Vaughn, 228 F.3d 178, 202 (3d Cir. 2000).

Accordingly, for the reasons stated, we will affirm the District Court's judgment.[4]

---

[4] Nicoloudakis' request for oral argument and his motion to assign the appeal to the panel that granted a COA are denied. His motion for leave to file a reply brief out of time and his request to waive the word and page limitations in that brief are granted. Nicoloudakis' reply brief has been considered.