

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2009

# Peace v. Klem

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3571

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Peace v. Klem" (2009). *2009 Decisions*. Paper 1124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3571

ERIC PEACE,
              Appellant

v.

EDWARD KLEM;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 06-cv-3379
(Honorable Harvey Bartle III)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2009
Before:  SCIRICA, *Chief Judge*, SLOVITER and HARDIMAN, *Circuit Judges*.

(Filed: June 26, 2009)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Petitioner Eric Peace brings this habeas corpus action under 28 U.S.C. § 2254.

Peace pleaded guilty to three counts of kidnapping and one count each of robbery of a

motor vehicle, possessing instruments of crime, and criminal conspiracy.[1] He took no direct appeal. Peace filed his timely petition for collateral relief in state court under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9541, on June 3, 2003, requesting reinstatement of his direct appellate rights because he allegedly asked counsel to file a direct appeal, which counsel failed to do. The PCRA court, after an evidentiary hearing, found that Peace never asked his counsel to file a direct appeal. Accordingly, the court dismissed Peace's petition. Peace appealed to the Pennsylvania Superior Court, which affirmed the denial of PCRA relief and found that Peace waived his claims because he had failed to comply with Pa. R. App. P. § 1925(b).[2] On May 9,

---

[1]Peace, along with two others, kidnapped a woman and her two young children at gunpoint and held them for ransom for several days in the hopes of extorting drugs from her boyfriend, supposedly a top neighborhood drug dealer. After being arrested, Peace made a full confession to the police detailing his involvement in the crimes.

Peace pleaded guilty initially on July 7, 2002. He then moved to withdraw his guilty plea, a motion the court granted on September 25, 2002. On February 3, 2003, Peace filed a suppression motion which was denied. Peace then entered a guilty plea in which he agreed to very limited appeal rights. At his sentencing, Peace apologized to his victims and to the court, and asked for leniency in his sentencing. He was sentenced to ten to twenty years imprisonment.

[2]Pa. R. App. P. § 1925(b) states:

> The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

On June 13, 2004, three days after the PCRA court filed its opinion, appellate counsel was directed by the Pennsylvania Superior Court to file such a concise statement. The

(continued...)

2006, the Pennsylvania Supreme Court denied Peace's petition for appeal.

Peace timely filed a petition for federal habeas corpus relief in the Eastern District of Pennsylvania. The District Court, in accordance with the Report and Recommendation of the Magistrate Judge, determined Peace's claims were procedurally defaulted and denied relief. We granted a certificate of appealability under 28 U.S.C. § 2253(c)(1) for the sole question of whether trial counsel was ineffective for failing to file a direct appeal.[3] We will affirm the District Court.

We review the District Court's denial of habeas corpus relief de novo. *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006). Our review is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, habeas relief is only appropriate for a claim that was adjudicated on the merits in state court if the state adjudication of the claim "(1) resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Furthermore, a "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the

---

(...continued)
entire statement consisted of: "Whether the court erred in denying Petitioner PCRA relief." The Pennsylvania Superior Court determined the statement was too general and vague to alert the court of the specific issues to be raised on appeal.

[3]We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The Commonwealth contends, and the District Court and Magistrate Judge competently found, that Peace had procedurally defaulted his claims because he did not adhere to the state appellate procedural rules. Even if we assume Peace's claims are not procedurally defaulted,[4] we would still apply AEDPA's deferential standard on the factual findings made by the PCRA court. Unless Peace produced clear and convincing evidence to the contrary, we are therefore bound by the PCRA court's determination that he did not ask his counsel to file a direct appeal.

Peace contends he verbally asked his counsel to file an appeal after his sentencing. In testimony at the PCRA hearing, his counsel denied he was ever asked to file an appeal. The PCRA court found counsel to be credible. The court also identified additional evidence to support this finding: two letters, one Peace sent to his counsel which never mentioned a request for an appeal; the second from Peace's mother to counsel thanking him for his help, but also making no mention of a request for an appeal. In light of this evidence, the PCRA court concluded the "defendant did not meet his burden of proving

_____

[4]In general, we may not consider issues on appeal that are not within the scope of the certificate of appealability. 28 U.S.C. § 2253(c)(3); *Villot v. Varner*, 373 F.3d 327, 337 n.13 (3d Cir. 2004). We note that the certificate of appealability before us does not include the issue of procedural default.

4

ineffectiveness for failure to file a requested appeal because he never requested such from his attorney."

To overcome the PCRA court's finding of fact, Peace must present clear and convincing evidence of his attempts to communicate with his attorney or evidence which corroborated his testimony that he asked his counsel to file a notice of appeal. *See* 28 U.S.C. § 2254(e)(1). Peace produced no new or different evidence in his federal petition. He relied entirely upon his testimony from the PCRA hearing. As noted, Peace's testimony conflicts with the testimony by his trial counsel whom the PCRA court found to be credible.

In conjunction with the PCRA court's findings of fact, we also note Peace pleaded guilty after his motion to suppress was denied. The Supreme Court has stated that "[a]lthough not determinative, a highly relevant factor in this inquiry [whether defendant asked for counsel to file a direct appeal] will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of possible appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Peace's guilty plea is probative (but not dispositive) in indicating petitioner's desire to end judicial proceedings.

Therefore, because the petitioner did not carry his burden of challenging the presumptively correct factual findings of the PCRA court by clear and convincing evidence, we will affirm the judgment of the District Court denying the habeas petition.