

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2006

# Tome v. Stickman

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1286

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tome v. Stickman" (2006). *2006 Decisions*. Paper 1574.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1574

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-1286

_____

CHRISTOPHER M. TOME,
Appellant

v.

WILLIAM S. STICKMAN;
THE DISTRICT ATTORNEY OF THE COUNTY OF LANCASTER;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

_____

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-04174)
District Judge:  Hon. Legrome D. Davis

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 12, 2005

BEFORE:  SLOVITER, SMITH and STAPLETON,
Circuit Judges

(Opinion Filed: February 16, 2006)

_____

STAPLETON, Circuit Judge:

Appellant Christopher Tome ("Tome") appeals the denial of his petition for habeas corpus relief. The District Court denied Tome's petition on the grounds that he had failed to exhaust his claims in state court and that those claims were now procedurally defaulted. A motions panel of our court granted a certificate of appealability with respect to Tome's claim that he was denied effective assistance of counsel in connection with the entry of his guilty plea. We will affirm the decision of the District Court.

Tome pled guilty in the Lancaster County Court of Common Pleas to numerous offenses, including armed robbery, burglary, theft of motor vehicles and escape. The court sentenced Tome to fifteen to thirty years of imprisonment, consistent with the terms of a negotiated plea agreement.

After filing a notice of appeal on Tome's behalf, Tome's trial counsel sought and was granted leave to withdraw his representation because Tome desired to raise claims of ineffective assistance of trial counsel. However, following the appointment of new counsel, Tome withdrew and discontinued his appeal. The Superior Court marked the appeal discontinued.

2

Tome then filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541 *et seq.* ("PCRA"). The PCRA court appointed new counsel for Tome. Tome's PCRA counsel saw no merit in Tome's claims, filed a "no merit" letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), and requested permission to withdraw as counsel. When the PCRA court then notified Tome of its intention to dismiss the PCRA petition without a hearing, Tome filed "Defendant's Pro-Se Response to PCRA Court's Notice of Intent to Dismiss PCRA Petition." In that document, Tome raised, for the first time in state court, the following claim:

> Defendant was denied effective assistance of PCRA counsel, in that PCRA counsel failed to file an amended PCRA Petition, in that Defendant was denied his Constitutional Right to effective assistance of trial counsel, in that trial counsel induced Defendant's guilty plea, in that Defendant was mentally incompetent to enter a knowing[] and intelligent guilty plea[.]

Def.'s Resp. Notice Intent Dismiss at 5, *Commonwealth v. Tome*, Nos. 882-2084 (Pa. Ct. Comm. Pl. May 10, 2001). The Common Pleas Court dismissed Tome's petition without a hearing.

Tome filed a *pro se* appeal of the denial of his PCRA petition to the Pennsylvania Superior Court. In that appeal, Tome raised, *inter alia*, the following issue for review:

> Whether the lower court erred in failing to find appellant was denied effective assistance of PCRA counsel, in that PCRA counsel failed to advance the claim of trial counsel's ineffective assistance, in that trial counsel induced appellant's guilty plea, in that appellant was mentally incompetent to enter a voluntary, intelligent and knowing guilty plea?

App. at 218.

3

The Superior Court denied Tome's appeal. With respect to Tome's claim that he was denied effective assistance of PCRA counsel due to PCRA counsel's failure to raise ineffective assistance of trial counsel, the Superior Court followed *Commonwealth v. Laszczynski*, 715 A.2d 1185 (Pa. Super. 1988), and ruled that Tome had no meritorious ineffective assistance of trial counsel claim for PCRA counsel to assert because the Pennsylvania statute governing ineffectiveness challenges to guilty pleas required a showing of actual innocence and Tome did not assert his innocence.

Tome subsequently filed a *pro se* application for reargument with the Superior Court and, after that was dismissed, a *pro se* petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on March 28, 2003.

Tome then filed a *pro se* petition for habeas corpus in the District Court, raising, *inter alia*, a claim that he was denied his federal right to effective assistance of trial counsel during his plea proceedings. The District Court ruled that Tome's federal ineffective assistance of trial counsel claim was never exhausted in the state appellate courts. Because such a claim could now be raised only in a second PCRA petition and such a petition would be barred by the PCRA's one-year statute of limitations, the District Court ruled that the claim was procedurally defaulted. The Court concluded that Tome had not shown cause or a fundamental miscarriage of justice to excuse the default and, consequently, the Court could not review Tome's claim. A motions panel of our Court granted a certificate of appealability as to Tome's claim that he was denied effective

4

assistance of trial counsel during the plea proceedings, which included the related issue of whether that claim is procedurally defaulted.

The District Court had jurisdiction over Tome's petition for habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction to review the District Court's order with respect to those issues encompassed by the certificate of appealability under 28 U.S.C. §§ 1291 & 2253. *See Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). "We exercise plenary review over the District Court's legal conclusions in a habeas proceeding, including its resolution of legal questions arising from application of the procedural default doctrine." *Villot v. Varner*, 373 F.3d 327, 331 (3d Cir. 2004) (citations omitted).

Tome seeks to raise a claim that he was deprived of his Sixth Amendment right to effective assistance of counsel when his trial court attorney "induced" him to enter a guilty plea, even though Tome was mentally incapable of entering a knowing, intelligent and voluntary plea at that time. He did not raise this claim in the Pennsylvania courts. He did, however, raise a related claim before the Superior Court in his PCRA proceedings that he was "denied effective assistance of PCRA counsel, in that PCRA counsel failed to advance the claim of trial counsel's ineffective assistance." App. at 218. We agree with the District Court that Tome did not present this claim to the Superior Court as a federal claim.

"A state prisoner must exhaust his state court remedies before a federal court may

grant him habeas relief." *Lambert*, 387 F.3d at 231. The exhaustion requirement gives states "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotations omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation "requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts. Both the legal theory and the facts underpinning the federal claim must have been presented to the state courts, and the same method of legal analysis must be available to the state court as will be employed in the federal court." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992) (citations omitted).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (quoting 28 U.S.C. § 2254(b)). "In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default." *Id.*

In *Baldwin*, the Supreme Court held that a petitioner who had argued to the state

6

courts that his "*trial* counsel's conduct violated several provisions of the *Federal Constitution*," but "did not say that his separate *appellate* 'ineffective assistance' claim violated *federal* law," had not properly alerted the state courts to the federal nature of his claim of ineffective assistance of appellate counsel. 541 U.S. at 30. The Court noted that the state post-conviction petition did not "explicitly say that the words 'ineffective assistance of appellate counsel' refer to a federal claim." *Id.* at 33. Further, the fact that the petition referred "to provisions of the Federal Constitution in respect to *other* claims" did not alert the state courts to the federal nature of the appellate ineffectiveness claim. *Id.*

*Baldwin* requires a conclusion that Tome failed to alert the state courts to the federal nature of his ineffective assistance of trial counsel claim. Tome presented to the state courts a claim that he was denied effective assistance of PCRA counsel when his PCRA counsel failed to assert that Tome was denied effective assistance of trial counsel because his trial counsel "induced" Tome's guilty plea, even though Tome was mentally incompetent to enter a voluntary, knowing and intelligent guilty plea. This claim necessarily includes two underlying claims: the first underlying claim is that his trial counsel was ineffective; the second is that his guilty plea was involuntary. Before the Common Pleas Court, Tome referred to the first underlying claim as a denial of his "Constitutional" right to the effective assistance of trial counsel. On appeal to the Superior Court, Tome only referred to "trial counsel's ineffective assistance."

7

The claim Tome raised in the Superior Court was not identified as a federal claim. Indeed, there is no federal right to effective assistance of post-conviction counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Even looking past the fact that Tome presented his trial counsel ineffectiveness claim layered within an overarching state law claim, Tome failed to ground the first underlying claim for ineffective assistance of trial counsel in federal law and, understandably, the Superior Court decided it on state law grounds. Read generously, Tome perhaps grounded his deepest underlying claim, his challenge to the voluntariness of his guilty plea, in part in federal law through citation of *Morris v. Slappy*, 461 U.S. 1 (1983), and *United States v. Cole*, 813 F.2d 43 (3d Cir. 1987). Under *Baldwin*, that is not sufficient to alert state courts to the federal nature of his claim for ineffective assistance of trial counsel. In *Baldwin*, even though the petitioner had squarely grounded an underlying claim for ineffective assistance of trial counsel in federal law, the Supreme Court ruled that the petitioner had failed to alert the state courts to the federal nature of an overarching claim for ineffective assistance of appellate counsel. 541 U.S. at 32. Consequently, we cannot say that Tome alerted the state courts to the federal nature of his claim for ineffective assistance of trial counsel, when only his underlying claim of an involuntary guilty plea referenced federal law.

*Baldwin* left open the possibility that if a petitioner presents a state claim that state

8

courts evaluate under a standard identical to the federal standard, then presentation of that claim might be sufficient to meet § 2254(b)'s exhaustion requirements. 541 U.S. at 33-34 (expressly declining to consider argument that where state standard for ineffective assistance of counsel is identical to federal standard, a petitioner need not indicate a claim's federal nature). It is generally true that the "test for counsel ineffectiveness is the same under both the Pennsylvania and Federal Constitutions: it is the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Commonwealth v. Gribble*, 863 A.2d 455, 460 (Pa. 2004). However, the Pennsylvania Superior Court decided Tome's case at a time when it interpreted a Pennsylvania statute, 42 Pa. Cons. Stat. § 9543(a)(2)(iii), to impose an innocence requirement for claims of ineffective assistance of counsel relating to guilty pleas. *Compare Commonwealth v. Laszczynski*, 715 A.2d 1185, 1187-88 (Pa. Super. 1998) (analyzing plea-related ineffectiveness claim under 42 Pa. Cons. Stat. § 9543(a)(2)(iii), which requires innocence, because statute governs pleas of guilt and claims of unlawful inducement in connection with a plea of guilt), *with Commonwealth ex rel. Dadario v. Goldberg*, 773 A.2d 126, 130 (Pa. 2001) (holding that claims of ineffective assistance of counsel arising from plea bargaining process are cognizable under PCRA's ineffectiveness subsection, 42 Pa. Cons. Stat. § 9543(a)(2)(ii), which does not require innocence); *Commonwealth v. Lynch*, 820 A.2d 728, 730 (Pa. Super. 2003) (same); *see also Villot*, 373 F.3d at 333 n.5 (discussing change in Pennsylvania law). In

9

*Villot*, we held that the innocence requirement of § 9543(a)(2)(iii) is a substantive requirement of Pennsylvania law. 373 F.3d at 334. Under federal law, by contrast, to satisfy the prejudice prong of *Strickland* attendant to ineffective assistance of counsel claims, a defendant who has pleaded guilty need only show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Thus, Tome's federal claim for ineffective assistance of trial counsel is not the "substantial equivalent of that presented to the state courts." *Evans*, 959 F.2d at 1231; *cf. Jackson v. Edwards*, 404 F.3d 612, 621 (2d Cir. 2005) (holding that petitioner "exhausted his federal claim because, in this case, the legal standards for his federal and state claims were so similar that by presenting his state claim, he also presented his federal claim"). Thus, Tome did not "fairly present" his federal ineffective assistance of trial counsel claim to the state courts.

Tome is now time barred from filing a second PCRA petition presenting such a claim. *See* 42 Pa. Cons. Stat. § 9545(b) (setting a one-year jurisdictional statute of limitations for PCRA actions). Consequently, the exhaustion requirement is deemed satisfied because there is "an absence of available State corrective process," but Tome has procedurally defaulted his claim and we may not consider its merits unless he establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his default on his claim of ineffective assistance of trial counsel in connection with the taking of his

10

plea. *McCandless,* 172 F.3d at 260. Tome suggests that because he received ineffective assistance of appellate counsel, he has "cause" to excuse the procedural default on his claim of ineffective assistance of trial counsel in connection with the taking of his plea. But for ineffective assistance of prior counsel to serve as "cause" to excuse a procedural default, habeas petitioners must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Murray v. Carrier*, 477 U.S. 478, 489 (1986). Tome failed to raise this federal claim of ineffective assistance of appellate counsel in state court, and that claim is therefore unexhausted (or deemed exhausted, but procedurally defaulted). Nothing prevented Tome from raising such a claim in his PCRA proceedings and Tome does not assert any basis to excuse his failure to assert such a claim.[1]

The District Court's order will be affirmed.

---

[1] While Tome did assert in the Superior Court ineffective assistance of appellate counsel for failing to file a motion to withdraw his plea, that claim is distinct from the ineffective assistance of counsel claim Tome identifies as providing "cause" for the claims he here asserts.