J-S50043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALAN JAMES WATKINS, | |
| Appellant | No. 505 WDA 2014 |

Appeal from the PCRA Order entered March 24, 2014,
in the Court of Common Pleas of Crawford County,
Criminal Division, at No(s): CP-20-CR-0000919-2011

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 11, 2014**

Alan James Watkins ("Appellant") appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. sections 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On September 20, 2011, police arrested Appellant, along with three other individuals, and charged them with second-degree murder, robbery, and related crimes as a result of the shooting death of the victim.  Ultimately, Appellant entered a guilty plea to third-degree murder on November 15, 2012.  All of the remaining charges were withdrawn.  Pursuant to the plea agreement, in return for Appellant's cooperation with the authorities, the Commonwealth agreed not to seek the maximum sentence of twenty to forty years of incarceration.  At sentencing, the Commonwealth recommended a

sentence of nineteen to thirty-eight years of imprisonment. After hearing from various witnesses, Appellant, and defense counsel, the trial court imposed a sentence of nineteen to forty years of imprisonment. The trial court denied Appellant's timely filed motion for sentence modification. Appellant did not file an appeal to this Court.

On September 24, 2013, Appellant filed a *pro se* PCRA motion. The PCRA court appointed counsel. On January 2, 2014, PCRA counsel filed an amended PCRA petition. Within this amended petition, Appellant emphasized that he was neither claiming his innocence nor attempting to withdraw his guilty plea. Instead, Appellant opined that the Commonwealth breached the plea agreement by not recommending a minimum sentence significantly less than nineteen years. On February 27, 2014, the PCRA court issued Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing. Appellant did not file a response. By Order entered March 24, 2014, the PCRA court dismissed Appellant's amended petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

> *Whether the [PCRA] court erred in not granting [Appellant PCRA] relief in the form of vacating [Appellant's] sentencing order and then re-sentencing him to a minimum incarceration term that is significantly less than the minimum incarceration term that has been imposed?*

Appellant's Brief at 7.

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Reaves**, 923 A.2d 1119, 1124 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing if it determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. **Commonwealth v. Jordan**, 772 A.2d 1011, 1014 (Pa. Super. 2001).

The PCRA court first determined that, to the extent Appellant seeks a modification of his sentence, he failed to raise a cognizable claim under the PCRA. **See** Pa.R.Crim.P. Notice, 2/27/14, at 2.[1] We agree.

The defendant in **Commonwealth v. Laszczynski**, 715 A.2d 1185 (Pa. Super. 1998) raised a similar claim relative to his guilty plea. In affirming the PCRA court's denial of relief, we stated:

> [The appellant] does not question the reliability of the manner in which his guilt was determined. He admitted his guilt by entering the *nolo contendere* plea. [The appellant] simply is making contentions relating to

_____

[1] In lieu of a Pa.R.A.P. 1925(a) opinion, the PCRA court referenced its Pa.R.Crim.P. 907 notice as responding to the issue Appellant raised in his Pa.R.A.P. 1925(b) statement.

unlawful inducement regarding sentencing considerations, and he seeks to withdraw his plea.

Thus, it is clear that [eligibility for relief based upon the ineffective assistance of counsel] is not the proper section for determining the cognizability of his claim. Rather, we must analyze his claim under [section 9543](a)(ii), which applies specifically to pleas of guilty and claims of unlawful inducement in connection with a plea of guilt.

The statutory language in 42 Pa.C.S. § 9543(a)(2)(iii) provides that in order to be eligible for PCRA relief, the petitioner's conviction or sentence must have resulted from, "A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty *and the petitioner is innocent.*" 42 Pa.C.S. § 9543(a)(2)(iii)(emphasis added).

While [the appellant's] allegations include that his *nolo contendere* plea was unlawfully induced and that the inducement caused him to enter that plea, [the appellant] does not allege that he is innocent. None of [the appellant's] assertions related to his innocence, but instead, concern sentencing issues that have no connection to guilt or innocence. Thus, it is clear that his claim is not cognizable.

*Laszczynski*, 715 A.2d at 1187 (citations omitted).

As noted above, within his amended PCRA petition, Appellant asserted that he was not innocent and did not wish to withdraw his guilty plea. In addition, he raised no allegations that trial counsel was ineffective. Thus, Appellant's claim is not cognizable under the PCRA, and we could affirm the PCRA court's denial of post-conviction relief on this basis alone.

Even if cognizable, the PCRA court further determined that the record of Appellant's guilty plea colloquy refuted his claim that the Commonwealth breached its plea agreement. The PCRA court explained:

[T]he record is very clear that the plea agreement was spelled out specifically for [Appellant] at the plea colloquy and it was in fact followed by the Commonwealth at the time of sentencing.

Specifically, as we have indicated, and more specifically indicate, there is a plea agreement form signed by [Appellant], his counsel and the District Attorney indicating that the Commonwealth will not seek the mandatory sentence of twenty to forty years and there is no further agreement.

At the time of the plea colloquy the District Attorney addressed this issue specifically with [Appellant], even to the extent that he indicated that the plea agreement allowed him to seek a sentence one day less than twenty years to one day less [than] forty years without violating the plea agreement and [Appellant] indicated that he understood that. [N.T., 11/15/12, at 55-56].

Further, this Court clearly told [Appellant] that [the court] was not bound by the plea agreement and we were not promising him what his sentence would be. Again, [Appellant] indicated that he understood that. [*Id.* at 56].

We note that it has long been the law of this Commonwealth that a [defendant] under oath cannot later contradict the statements he made at the time he enters his guilty plea and thus is bound by those statements. [*Commonwealth v. Yeomans*], 24 A.3d 1044 (Pa. Super. 2011).

At the time of sentencing the District Attorney in fact indicated that he was suggesting a sentence of nineteen to thirty-eight years, which was clearly within the plea agreement that the parties had reached. [N.T., 11/19/12, at 39-41].

Pa.R.Crim.P. 907 Notice, 2/27/14, at 2-3.

As concluded by the PCRA court, the Commonwealth simply did not breach the plea agreement with Appellant. Appellant's assertion that the Commonwealth "breached the spirit of their negotiated plea arrangement" is

inapposite. Appellant's Brief at 12. At sentencing, the trial court noted that Appellant knowingly furnished the gun with which the victim was killed, and should have known better because Appellant was on probation at the time. *See* N.T., 11/19/12, at 42-43. In explaining its reasons for the nineteen to forty-year sentence it ultimately imposed, the trial court stated: "Now having said all that, I'm going to give you some benefit for the fact that you did cooperate with the District Attorney's Office, but I think that's a minimal benefit when you look at everything else in the negative." *Id.* at 43-44. Appellant's true basis for post-conviction relief is not that the Commonwealth breached the plea agreement, but rather, his belief that "the information [he] supplied the Commonwealth with was worthy of a minimum incarceration sentence of far less than 19 years." Amended PCRA Petition, 1/2/14, at 13. Appellant's disagreement and dissatisfaction with his sentence is not a basis for post-conviction relief. *See*, *e.g.*, ***Commonwealth v. Gonzalez***, 608 A.2d 528, 533 (Pa. Super. 1992) (holding that petitioner's allegations concerning the length of his minimum sentence did not establish a cognizable basis for post-conviction relief).

In sum, Appellant's sentencing claim vis-à-vis his guilty plea is non-cognizable under the PCRA, and nevertheless refuted by the record. We therefore affirm the PCRA court's order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/11/2014</u>