J-S22015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDDIE FERGUSON, | |
| Appellant | No. 1263 MDA 2016 |

Appeal from the Judgment of Sentence April 10, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004517-2014

BEFORE:  SHOGAN, MOULTON, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                          **FILED MAY 30, 2017**

Appellant, Eddie Ferguson, appeals *nunc pro tunc* from the judgment of sentence entered following his conviction of aggravated assault.[1] Appellate counsel has filed a petition to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant counsel's petition to withdraw and affirm the judgment of sentence.

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(4).

The trial court summarized the procedural history of this case as follows:

> On May 3, 2014[,] Appellant was arrested and charged, *inter alia*, with Criminal Attempt, Homicide, 18 Pa.C.S. § 901 (a), and Aggravated Assault, 18 Pa.C.S. § 2702(a)(1).[2] On April 10, 2015, Appellant pled *nolo contendere* to Aggravated Assault (F2), 18 Pa.C.S. § 2702(a)(4).[3] [Appellant] was immediately sentenced to a term [of incarceration] of not less than 20 months nor more than 40 months. [Appellant did not file a post-sentence motion seeking to withdraw the plea.] No direct appeal was filed from the judgment of sentence.
>
> On December 4, 2015, Appellant filed a *pro se* Post-Conviction Collateral Relief Motion and PCRA counsel, R.H. Hawn, Jr., Esquire, was subsequently appointed. PCRA counsel filed an Amended PCRA petition on April 28, 2016. A rule was entered on the Commonwealth and the Commonwealth filed a response indicating that the Commonwealth did not contest [Appellant's] request to be allowed to file an appeal *nunc pro tunc*. On June 21, 2016, an Order was entered reinstating [Appellant's] appellate rights *nunc pro tunc*.[4] On July 21, 2016 a Notice of Appeal was filed by the Appellant.

---

[2] The charges stemmed from Appellant attacking another man with a machete.

[3] In exchange for the plea, the Commonwealth agreed to withdraw the charge of attempted homicide, amend the charge of aggravated assault from a Felony-1 to a Felony-2, and recommend a sentence of incarceration of twenty to forty months. N.T., 4/10/15, at 2.

[4] We note that in **Commonwealth v. Liston**, 977 A.2d 1089 (Pa. 2009), our Supreme Court held that an order permitting a *nunc pro tunc* direct appeal does not automatically permit a *nunc pro tunc* post-sentence motion. **Id**. at 1093-1094. The **Liston** Court disapproved of that course of action because it could award certain litigants the right to pursue collateral claims on direct appeal. **Id**. The Court explained that the failure to file a post-sentence motion is not among the few circumstances where courts will presume prejudice from counsel's ineffectiveness. **Id**. at 1092 n.7 (citing **Commonwealth v. Reaves**, 923 A.2d 1119, 1125 (Pa. 2007)). Appellant
*(Footnote Continued Next Page)*

Trial Court Opinion, 10/4/16, at 1 (footnote omitted). Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

As noted, counsel has filed a petition to withdraw from representation. Before we address the questions raised on appeal, we must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id**. at 1032 (citation omitted).

In this case, those directives have been satisfied. Within the petition to withdraw, counsel averred that he conducted a conscientious review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy

*(Footnote Continued)* ———————

therefore needed to plead and prove to the PCRA court that counsel was ineffective for failing to file a timely post-sentence motion before the PCRA court could award him the right to file a *nunc pro tunc* post-sentence motion.

of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel. However, the letter did not provide the correct advice to Appellant. Rather than informing Appellant that he had the right to pursue the appeal *pro se* or through privately retained counsel and raise any additional points that he wished to bring to this Court's attention, the letter inaccurately stated that these rights were conditioned upon this Court granting counsel leave to withdraw. Consequently, in an abundance of caution, on November 29, 2016, this Court issued an order directing that Appellant be permitted to file a response to counsel's petition to withdraw and **Anders** brief, either *pro se* or *via* privately retained counsel, within thirty days of the date of our order.[5] In a response dated January 4, 2017,[6]

_____

[5] The complete text of our order follows:

> In light of the fact that Appellant's counsel, R.H. Hawn, Jr., Esquire, has filed a petition to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and their progeny, Appellant shall be permitted to file a response to counsel's petition to withdraw and **Anders** brief, either *pro se* or via privately retained counsel, within thirty (30) days of the date that this Order is filed. The Commonwealth's brief shall be due sixty (60) days from the date that this Order is filed.

Order, 11/29/16, at 1. We believe that this order served to rectify the incorrect language contained in counsel's letter to Appellant. However, we alert counsel to be more diligent about such matters in the future, and we will not hesitate to deny an attorney's request to withdraw from representation for failure to properly alert the litigant of his or her rights.
*(Footnote Continued Next Page)*

Appellant requested to have oral argument[7] and a copy of "new case information."  Response to Order, 1/4/17, at 1-2.  On February 8, 2017, this Court filed a *per curiam* order denying Appellant's request for oral argument and request for a copy of "new case information."  Order, 2/8/17, at 1. Appellant has not filed any additional documents with this Court.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

*(Footnote Continued)* —————————

**Cf. Commonwealth v. Muzzy**, 141 A.3d 509 (Pa. Super. 2016) (denying counsel's request to withdraw for failing to fully and accurately comply with the requirements in post-conviction matter).

[6] Even though this Court did not receive the document for filing until January 9, 2017, pursuant to the "prisoner mailbox rule," we will use the date of January 4, 2017 in referencing Appellant's response because Appellant is incarcerated and the cover of his document indicates that he placed the item in the hands of prison authorities on January 4, 2017.  **See Commonwealth v. Wilson**, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing).

[7] In his response, Appellant stated that due to his limited resources he could not explain his "situation" in a brief.  Response to Order, 1/4/17, at 1.

Counsel's brief is compliant with **Santiago**. The brief sets forth the procedural history of this case and outlines pertinent case authority. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel presents the following issue for our review:

1. Is Appellant's plea of *nolo contendere* to aggravated assault void on the grounds of manifest injustice, because he did not knowingly, intelligently, and voluntarily tender the plea?

**Anders** Brief at 4.

Appellant's issue challenges the propriety of his plea. Appellant argues that his plea should be void due to a manifest injustice. **Anders** Brief at 8. Appellant contends that he did not knowingly, intelligently, and voluntarily enter his plea. **Id**.

We begin our analysis by observing this Court has long explained that in "terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Laszczynski**, 715 A.2d 1185, 1187 n. 3 (Pa. Super. 1998) (quoting **Commonwealth v. Nelson**, 666 A.2d 714, 717 (Pa. Super. 1995)). With respect to challenges to the validity of a guilty plea on direct appeal, this Court has stated the following:

> Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea.
>
> Indeed, a defendant routinely waives a plethora of constitutional rights by pleading guilty, including the right to a jury trial by his peers, the right to have the

Commonwealth prove his guilt beyond a reasonable doubt, and his right to confront any witnesses against him. Furthermore, a defendant is permitted to waive fundamental constitutional protections in situations involving far less protection of the defendant than that presented herein.

A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed. *Commonwealth v. Roberts*, 237 Pa. Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

Likewise:

Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this

> Court by advancing legal arguments different than the ones that were made when the claims were preserved.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008), *appeal denied*, 601 Pa. 696, 972 A.2d 521 (2009).

> Further, a defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.

*Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa. Super. 2013) (some citations and quotation marks omitted).

Our review of the certified record reflects that Appellant did not preserve his challenge to the voluntariness of his plea by either objecting during the plea colloquy or filing a timely post-sentence motion to withdraw the plea. Pa.R.Crim.P. 720(B)(1)(a)(i). Accordingly, Appellant waived any challenge to his *nolo contendere* plea on direct appeal. *Lincoln*, 72 A.3d at 609-610.

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/30/2017