J-S09006-20
J-S09007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK LEE MILLER | : | |
| | : | |
| Appellant | : | No. 2513 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 1, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001451-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK LEE MILLER | : | |
| | : | |
| Appellant | : | No. 2514 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 1, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001452-2018

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.*

MEMORANDUM BY SHOGAN, J.:                    Filed: December 30, 2020

Appellant, Mark Lee Miller, appeals from the judgments of sentence

entered following his convictions of incest at CP-45-CR-0001451-2018 and

aggravated indecent assault at CP-45-CR-0001452-2018.   At the time of

_____

* Retired Senior Judge assigned to the Superior Court.

sentencing, the trial court deemed Appellant to be a Tier-III offender and ordered Appellant to comply with the Sexual Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§9799.10 *et seq.*, as modified by Act 10 and Act 29 of 2018 ("SORNA II"). Upon careful review, we affirm in part and vacate the portion of Appellant's judgments of sentence deeming him to be a Tier-III offender under SORNA II, and remand for further proceedings consistent with this memorandum.

We consider only the procedural history of this case because the underlying facts of this matter are not pertinent to this appeal. On July 1, 2019, Appellant pled *nolo contendere* to the crimes stated above.[1] That same day the trial court sentenced Appellant to serve an aggregate term of incarceration of five to ten years, followed by ten years of probation. The trial court also ordered Appellant to register as a Tier-III offender under SORNA II.

On July 10, 2019, Appellant filed post-sentence motions in the above-captioned cases, in which he challenged the constitutionality of SORNA II. At that time, our Supreme was still considering the case of ***Commonwealth v. Torsilieri***, No. 37 MAP 2018, 2020 WL 3241625 (Pa. filed June 16, 2020). In Appellant's post-sentence motions, he raised claims identical to the issues upon which the trial court in ***Torsilieri*** deemed SORNA II unconstitutional.

---

[1] This Court has long noted that in "terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." ***Commonwealth v. Laszczynsk***i, 715 A.2d 1185, 1187 n.3 (Pa. Super. 1998) (quoting ***Commonwealth v. Nelson***, 666 A.2d 714, 717 (Pa. Super. 1995)).

Appellant's Post-Sentence Motion, 9/10/19, at 2-3. "On July 19, 2019, the *en banc* panel [of the Court of Common Pleas of Monroe County that had been empaneled to hear a variety of challenges to SORNA II raised by other SORNA registrants] entered an order ("the SORNA order") denying the constitutional challenges to SORNA [II]." Trial Court Opinion, 10/11/19, at 2. Based on the SORNA order, the trial court denied Appellant's post-sentence motions without a hearing on July 22, 2019. **Id**. These timely appeals followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. We will address these two cases in a single memorandum, and observe that Appellant has filed with this Court appellate briefs under each of the captions set forth above that are essentially identical in the issues set forth and the arguments presented.

Appellant presents the following issues for our review:

1. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT SORNA DENIES THE DEFENDANT DUE PROCESS UNDER ARTICLE 1 AND 11 OF THE PENNSYLVANIA CONSTITUTION BECAUSE IT CREATES AN IRREBUTTABLE PRESUMPTION THAT THOSE CONVICTED OF ENUMERATED OFFENSES "POSE A HIGH RISK OF COMMITTING ADDITIONAL SEXUAL OFFENSES" DEPRIVING THOSE INDIVIDUALS OF THE FUNDAMENTAL RIGHT TO REPUTATION?

2. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT SORNA DENIES THE DEFENDANT PROCEDURAL DUE PROCESS UNDER ARTICLE 11 OF THE PENNSYLVANIA CONSTITUTION BECAUSE IT UNLAWFULLY IMPINGES ON THE RIGHT TO REPUTATION WITHOUT NOTICE AND AN OPPORTUNITY TO BE HEARD?

3. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT SORNA DENIES THE DEFENDANT PROCEDURAL DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED

STATES CONSTITUTION BECAUSE IT UNLAWFULLY RESTRICTS LIBERTY AND PRIVACY WITHOUT NOTICE AND AN OPPORTUNITY TO BE HEARD?

4. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT SORNA VIOLATES SUBSTANTIVE DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS, U.S. CONST. AMEND. XIV, PA. CONST. ART. I, § 1, BECAUSE SORNA DEPRIVES INDIVIDUALS OF INALIENABLE RIGHTS AND FAILS TO SATISFY STRICT SCRUTINY?

5. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT SORNA CONSTITUTES CRIMINAL PUNISHMENT AND THEREFORE VIOLATES THE SEPARATION OF POWERS DOCTRINE BECAUSE IT USURPS THE EXCLUSIVE JUDICIAL FUNCTION OF IMPOSING A SENTENCE?

6. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT SORNA CONTRAVENES THE 5TH, 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND THE CORRESPONDING PROTECTIONS OF THE PENNSYLVANIA CONSTITUTION BECAUSE AS A CRIMINAL PUNISHMENT, SORNA CANNOT BE IMPOSED WITHOUT DUE PROCESS, NOTICE AND OPPORTUNITY TO CONTEST ITS IMPOSITION, AND ENSURING THAT EACH FACT NECESSARY TO SUPPORT THE MANDATORY SENTENCE IS SUBMITTED TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT PURSUANT TO *APPRENDI V. NEW JERSEY*, 530 U.S. 266 (2000) AND *ALLEYNE V. UNITED STATES*, 1570 U.S. 99 (2013)?

7. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO FIND SORNA CONSTITUTES CRIMINAL PENALTIES AND THEREFORE THE IMPOSITION OF MANDATORY LIFETIME SEX OFFENDER REGISTRATION FOR NEARLY ALL TIER III OFFENSES IS A CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 13 OF THE PENNSYLVANIA CONSTITUTION?

8. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO FIND SORNA

CONSTITUTES CRIMINAL PUNISHMENT, THEREFORE 42 PA. C.S.A. § 9799.24(E)(3) VIOLATES THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE CORRESPONDING PROVISION OF THE PENNSYLVANIA CONSTITUTION AS IT ENHANCES THE DEGREE OF PUNISHMENT BEYOND THE OTHERWISE PROSCRIBED SORNA REQUIREMENTS ON A FINDING OF CLEAR AND CONVINCING EVIDENCE AS OPPOSED TO BEYOND A REASONABLE DOUBT AND THE DEFENDANT DOES NOT HAVE AN ABILITY TO SUBMIT THE QUESTION TO A JURY?

Appellant's Brief at 5-8.

We address Appellant's eighth issue first, wherein he challenges the procedure under SORNA II for determining whether an individual is a sexually violent predator ("SVP"). Appellant's Brief at 56-61. Appellant concludes that the trial court erred in failing to find that SORNA II constitutes criminal punishment, and "therefore 42 Pa.C.S. § 9799.24(e)(3) violates the Sixth Amendment to the United States Constitution and the corresponding provision of the Pennsylvania Constitution, as it enhances the degree of punishment beyond the otherwise proscribed SORNA [II] requirements on a finding of clear and convincing evidence as opposed to beyond a reasonable doubt and the defendant does not have an ability to submit the question to a jury." *Id*. at 60-61.

Recently, in **Commonwealth v. Butler**, 226 A.3d 972 (Pa. 2020), our Supreme Court determined that this issue lacks merit. The Court held that the registration, notification, and counseling requirements of SORNA II "do not constitute criminal punishment and therefore the procedure for designating

individuals as SVPs under [42 Pa.C.S. §] 9799.24(e)(3) is ... constitutionally permissible." *Id*. at 976. Accordingly, Appellant's contrary claim fails.

We next address Appellant's first seven issues together, as they are all claims identical to the matters considered by our Supreme Court in *Torsilieri*. Therefore, *Torsilieri* guides our disposition in this case.

In *Torsilieri*, the Commonwealth appealed from the trial court's order deeming SORNA II unconstitutional under multiple legal theories pertaining to the registration and reporting requirements set forth in Subchapter H of the statute. More specifically, the trial court:

> concluded that the registration and notification provisions of Revised Subchapter H[2] violated [Torsilieri's] right to due process by impairing his right to reputation, as protected by the Pennsylvania Constitution, through the utilization of an irrebuttable presumption. The court also concluded that the statute violated his right to due process under the United States and Pennsylvania Constitutions because the statutory system failed to provide the requisite notice and opportunity to be heard. It also concluded that Revised Subchapter H violated the separation of powers doctrine because the General Assembly's enactment of Revised Subchapter H essentially removed the trial court's ability to fashion an individualized sentence. Finally, the court held that the statute violated *Alleyne* and *Apprendi* by allowing "the imposition of enhanced punishment based on an irrebuttable presumption of future dangerousness that is neither determined by the finder of fact nor premised upon proof beyond a reasonable doubt." The court, therefore, vacated [Torsilieri's] sentence to the extent it required him to comply with Revised Subchapter H's sexual offender registration provisions.

*Torsilieri*, 2020 WL 3241625 at *3 (citation omitted).

---

2 The Supreme Court uses the term "Revised Subchapter H" to refer to Subchapter H as it appears under SORNA II.

In order to resolve all of the constitutional challenges, the **_Torsilieri_** Court concluded that factual and credibility findings were necessary regarding whether "the legislative determinations underpinning Revised Subchapter H [of SORNA II] … (1) that all sexual offenders pose a high risk of recidivation and (2) that the tier-based registration system of Revised Subchapter H protects the public from the alleged danger of recidivist sexual offenders … have been undermined by recent scientific studies…." **_Id_**. at *21.

In our recent decision in **_Commonwealth v. Mickley_**, ____ A.3d ____, 1258 EDA 2019 (Pa. Super. filed September 24, 2020), we recognized the following with regard to **_Torsilieri_** and its conclusion compelling a remand to the trial court for development of an evidentiary record:

> The **_Torsilieri_** Court did not reach the merits of any of the constitutional claims at issue, determining instead that the factual record was not sufficiently developed in the trial court. The Court concluded a remand was appropriate "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." **_Id_**. at *13. The Court stated:
>
>> We recognize that the Commonwealth parties relied upon our recent statement in **_Muniz_**, rejecting [ ] expert evidence calling into question the legislature's assessment of sexual offender recidivism risks and the effectiveness of tier-based registration systems. In light of this reliance, we emphasize that all cases are evaluated on the record created in the individual case. Thus, a court need not ignore new scientific evidence merely because a litigant in a prior case provided less convincing evidence. _Indeed, this Court will not turn a blind eye to the development of scientific research, especially where such evidence would demonstrate infringement of constitutional rights._

- 7 -

Nevertheless, we also emphasize that it will be the rare situation where a court would reevaluate a legislative policy determination, which can only be justified in a case involving the infringement of constitutional rights and a consensus of scientific evidence undermining the legislative determination. We reiterate that while courts are empowered to enforce constitutional rights, they should remain mindful that "the wisdom of a public policy is one for the legislature, and the General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements."

\* \* \*

Accordingly, we conclude that the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [the Commonwealth] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H.

*Id*. at \*21 (emphasis added) (citations omitted).

***Mickley***, ____ A.3d at ____, 1258 EDA 2019 at \* 9-10.

Instantly, the trial court denied without a hearing Appellant's post-sentence motions, which raised claims identical to those at issue in ***Torsilieri***. In doing so, the trial court relied exclusively on the SORNA order. **See** Order, 7/23/19, at 1 ¶ 1 (denying Appellant's constitutional challenges "for the reasons set forth in the separate *en banc* order of this Court"); Trial Court Opinion, 10/11/19, at 2 ("The SORNA [o]rder stated the reasons for the denial"). The trial court further noted Appellant's "challenge will ultimately

rise or fall with our Supreme Court's decision in the **_Torsilieri_** appeal." **_Id_**. However, the SORNA order contains no analysis of the **_Torsilieri_** issues. SORNA Order, 7/18/19, at 2-3.

Here, there is no evidence of record to decide any of the issues before us. Thus, following **_Torsilieri_**, we vacate the order denying Appellant's post-sentence motions and remand for a hearing at which the parties can present evidence for and against the relevant legislative determinations discussed above. Otherwise, we affirm Appellant's judgments of sentence in all other respects.

Judgments of sentence vacated in part and affirmed in part. Case remanded for further proceedings consistent with this memorandum and **_Torsilieri_**. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/30/20</u>