J-S14024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEROY ELMER DOLLEY, | |
| Appellant | No. 1328 MDA 2016 |

Appeal from the Judgment of Sentence March 2, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001360-2015

BEFORE: GANTMAN, P.J., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 21, 2017**

Appellant, Leroy Elmer Dolley, appeals from the judgment of sentence entered following his convictions of one count of rape of a child, two counts of aggravated indecent assault, one count each of indecent assault, criminal attempt, endangering the welfare of children, false imprisonment, and corruption of minors.[1] We affirm.

The trial court summarized the factual and procedural history of this case as follows:

I. <u>FACTUAL HISTORY</u>

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121, 3125, 3126, 4304, 901, 2903, and 6301, respectively.

While [Appellant] was living with the victim and her family, the victim reported that [Appellant] sexually abused her by having vaginal sex with her, fondling her breasts and fondling her genitals. These instances of sexual abuse were reported to have occurred on three separate occasions. The victim was around seven (7) years old when the first incident of abuse occurred, and around eight (8) years old when the last incident of abuse occurred.

## II. PROCEDURAL HISTORY

[Appellant] was charged with one count of Rape of a Child (F1), two counts of Aggravated Indecent Assault of a Child (F1), one count of Endangering the Welfare of Children (F3), one count of Indecent Assault (M1), one count of False Imprisonment, one count of Criminal Attempt/Indecent Assault (M1) and one count of Corruption of Minors (M1). A preliminary hearing was held for this matter on August 20, 2015. At the preliminary hearing, the victim testified that [Appellant] sexually abused her on three different occasions.

Although [Appellant] had the opportunity to request and receive a continuance on the matter, [Appellant] chose to list his case for trial. A jury was selected on December 7, 2015. [Appellant's] trial was scheduled to take place on December 10, 2015. On December 9, 2015, [Appellant] came before the [c]ourt, and defense counsel indicated that [Appellant] was considering firing his current defense counsel and seeking a continuance. At that time, [Appellant] and his counsel met privately to discuss how to move forward from that point, and ultimately, [Appellant] decided to enter an Open No Contest Plea.

[Appellant] requested to withdraw his plea at sentencing, and the [c]ourt denied [Appellant's] request. On March 2, 2016, [Appellant] was sentenced to 10 to 40 years in a state correctional institution. [Appellant] must also register as a sexual offender. [Appellant] timely filed a Post Sentence Motion.

Trial Court Opinion, 7/29/16, at 2-3. The trial court held a hearing on Appellant's post-sentence motions, and ultimately entered an order denying the motions on July 29, 2016. This timely appeal followed.

- 2 -

Appellant presents the following issues for our review:

I. Did the trial court judge impose an illegal and/or unreasonable sentence?

II. Should Appellant have been allowed to withdraw his No-Contest Plea?

Appellant's Brief at 3.

Appellant's first issue challenges the sentence imposed by the trial court. Appellant's Brief at 6-9. Although Appellant purports to challenge the legality of his sentence, in actuality, his argument is limited to a challenge of the discretionary aspects of his sentence. In this regard, Appellant presents the following argument:

On December 9, 2015, Appellant appeared for a criminal jury trial before the Honorable Charles T. Jones, Jr., Judge, and entered an Open No Contest Plea to one count of Rape of a Child (F1), two counts of Aggravated Indecent Assault (F1), one count of Endangering the Welfare of Children (F3), one count of Indecent Assault (M1), one count of Criminal Attempt/Indecent Assault (MI), one count of Corruption of Minors (M1), and one count of False Imprisonment. On March 2, 2016, Appellant was sentenced by Judge Jones to an overall term of confinement of ten (10) years to forty (40) years in a state correctional institution. The sentence imposed on the above captioned action number was unduly harsh given Appellant's lack of a prior criminal record and the length of time that had elapsed since the date of the alleged offenses. The sentence imposed in the instant case is, therefore, unreasonable as defined above.

Appellant's Brief at 9. Accordingly, we will address this issue strictly as a challenge to the discretionary aspects of sentencing.

We note that our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing

judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Where an appellant challenges the discretionary aspects of a sentence there is no automatic right to appeal, and an appellant's appeal should be considered to be a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> [a]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id***. at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Id***. (citing ***Commonwealth v. Mann***, 820 A.2d 788 (Pa. Super. 2003)). ***See also Commonwealth v. Parker***, 847 A.2d 745 (Pa. Super. 2004) (holding challenge to discretionary aspect of

sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion).

Moreover, where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review. **Commonwealth v. Farmer**, 758 A.2d 173, 182 (Pa. Super. 2000). However, a failure to include the Pa.R.A.P. 2119(f) statement does not automatically waive an appellant's argument; rather, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement. **Commonwealth v. Roser**, 914 A.2d 447, 457 (Pa. Super. 2006) (quoting **Commonwealth v. Love**, 896 A.2d 1276, 1287 (Pa. Super. 2006)).

Herein, the first two requirements of the four-part test are met because Appellant brought a timely appeal and raised the challenge in his post-sentence motion. However, Appellant failed to include in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). The Commonwealth has failed to object to this error. Therefore, we will not consider the issue to be waived due to the omission. Accordingly, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

Appellant argues that the trial court imposed an unduly harsh sentence in light of the fact that Appellant did not have a prior criminal record and the

length of time that had elapsed since the date of the offenses. Considering this claim to be an allegation that the sentencing court failed to consider factors set forth under 42 Pa.C.S. § 9721(b),[2] we conclude that, in this instance, Appellant has raised a substantial question. *See Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (concluding that the appellant raised a substantial question where it was alleged that the trial court failed to properly consider the factors set forth in 42 Pa.C.S. § 9721(b)). Because Appellant has stated a substantial question, we will address this claim on appeal.

It is undisputed that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Fullin*, 892 A.2d at 847. In this context, an abuse of discretion is not shown merely by an error in judgment. *Id*. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Id*.

Indeed, the sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference,

---

[2] We note that the factors to be considered under 42 Pa.C.S. § 9721(b) include the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.

as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, indifference, and the overall effect and nature of the crime. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).[3] As previously noted, when imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). As we have stated, "a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10

_____

[3] The *Walls* Court instructed the following:

> In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:
>
> (d) Review of the record.—In reviewing the record the appellate court shall have regard for:
>
> > (1) The nature of the circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S. § 9781(d).

*Walls*, 926 A.2d at 963.

(Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*. In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988)).

Appellant asserts that, in fashioning his sentence, the sentencing court failed to consider properly Appellant's lack of a criminal record and the amount of time that had elapsed since the crimes occurred. Appellant's Brief at 9. However, we discern no abuse of discretion on the part of the sentencing court.

Our review of the record reflects that the sentencing court reviewed Appellant's presentence report, read a victim impact statement, received testimony from the parents of the victim in relation to Appellant's attempt to withdraw his plea, heard Appellant's allocution and expression that he is not guilty of the crimes, and heard argument from Appellant's counsel prior to imposing Appellant's sentence. N.T., 3/2/16, at 17-30. In addition, the trial court offered the following discussion in addressing the sentencing issue in Appellant's post-sentence motions:

This Court finds that the sentence imposed was within the [s]entencing guidelines. Before sentencing [Appellant], the [c]ourt reviewed the pre-sentence report and took into consideration all relevant factors. The [c]ourt weighed all mitigating factors and relevant information before sentencing [Appellant]. The [c]ourt also finds that [Appellant] was advised of all the sentencing guidelines before he entered into his plea, and after being advised of the sentencing guidelines, [Appellant] knowingly, willingly and intentionally pled no contest.

Trial Court Opinion, 7/29/16, at 7.

Upon review of the record, we conclude that the sentencing court, having been informed by a presentence report, presented adequate reasons for imposing the standard range sentences upon Appellant. There is no indication that the court ignored any relevant factors in fashioning the sentence. Accordingly, it is our determination that there was no abuse of discretion on the part of the sentencing court. Thus, we conclude this claim lacks merit.

Appellant next argues that the trial court erred in denying his request to withdraw his plea of *nolo contendere*.[4] Appellant's Brief at 9-11. Appellant claims that he entered his plea under duress and that the Commonwealth will not be substantially prejudiced in bringing his case to trial. *Id*. at 11.

---

[4] This Court has explained that in "terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Laszczynski**, 715 A.2d 1185, 1187 n. 3 (Pa. Super. 1998) (quoting **Commonwealth v. Nelson**, 666 A.2d 714, 717 (Pa. Super. 1995)).

A trial court may, in its discretion, allow a defendant to withdraw a guilty plea at any time before his sentence is imposed. *See* Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty"). The standard of review that we employ in challenges to a trial court's decision regarding a pre-sentence motion to withdraw a guilty plea is well settled:

> A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any fair and just reasons for withdrawing his plea absent substantial prejudice to the Commonwealth. In its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence. Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed. The policy underlying this liberal exercise of discretion is well-established: The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution. In [***Commonwealth v.***]***Forbes***, [299 A.2d 268 (Pa. 1973)] our Supreme Court instructed that, in determining whether to grant a pre[-]sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice.

***Commonwealth v. Elia***, 83 A.3d 254, 261–262 (Pa. Super. 2013) (internal quotation marks and citations omitted).

In ***Forbes*** and ***Commonwealth v. Randolph***, 718 A.2d 1242 (Pa. 1998), our Supreme Court articulated that a defendant's bare assertion of

innocence, standing alone, required that a defendant be permitted to withdraw his guilty plea if sentence has not been imposed. The strictures of **Forbes** and **Randolph**, mandating the grant of a pre-sentence motion to withdraw a guilty plea upon a bald assertion of innocence, were abrogated by the companion cases of **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), and **Commonwealth v. Hvizda**, 116 A.3d 1103 (Pa. 2015).

In **Carrasquillo**, the Court stated that a "bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence request to withdraw a guilty plea. **Carrasquillo**, 115 A.3d at 1285. Our Supreme Court then clarified the ruling in **Forbes**, stating the following:

> there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

**Carrasquillo**, 115 A.3d at 1291–1292 (footnote omitted). More specifically, the Court was "persuaded by the approach of other jurisdictions which require that a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." **Id**. at 1292. However, the Supreme Court concluded that "a *per se* approach" to allowing pre-sentence withdrawal of a guilty plea

on a mere assertion of innocence "is unsatisfactory." *Id*. The ***Carrasquillo*** Court noted that in evaluating a pre-sentence request to withdraw a guilty plea, courts could consider the timing of the innocence claim. ***See id***. (quoting the statement in ***Forbes*** that "[o]bviously, the appellant, by his assertion of innocence—so early in the proceedings, *i.e.*, one month after the initial tender of a plea—offered a 'fair and just' reason for withdrawal of the plea." (brackets omitted)). The Court in ***Carrasquillo*** announced that "the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Id***.

The trial court offered the following analysis in analyzing Appellant's request to withdraw his plea:

> The Court finds that [Appellant] fully understood that if he entered the no contest plea, he would not be able to withdraw it minus extreme circumstances. On December 9, 2015, before the Court accepted [Appellant's] signed plea, the following transaction between the Court and [Appellant] occurred:
>
> > The Court: And because we have picked a jury and everybody was ready to go to trial and we, in fact have that jury ready to try this case tomorrow, we are now at 5:11 p.m....once this plea goes through there is not going to be a trial, and barring some unforeseen circumstance that I believe merits withdrawing this plea, you are going to get sentenced on this charge. Do you understand that?[]
> > [Appellant]: I do understand that, Your Honor.
> > (Notes of Testimony: December 9, 2015, page 42-43).

The Court also finds that [Appellant's] argument that he was under duress and forced to sign the plea agreement due to the ineffectiveness of his counsel is without merit. In Lebanon County, both [Appellant] and the Commonwealth are entitled to two continuances each that will be granted without challenge by the opposing side or by the Court. On November 24, 2015, at Call of the List, [Appellant] made the decision not to use his remaining continuance. [Appellant] signed a Certificate of Trial Readiness at that time. The day before the trial was scheduled to take place, [Appellant] claimed that counsel was ineffective, and sought a continuance.

When [Appellant] came before the Court on December 9, 2015 to address these issues, [Appellant] claimed that his counsel was not ready for trial, was confused and was unable to represent him due to counsel's conversation with two people who had been struck from the array during jury selection and counsel's assessment of the case. The Court questioned [Appellant] and counsel regarding these issues.

[Defense Counsel]: ...The piece that [Appellant] doesn't like is my assessment of the evidence against him, and this is the crux of all issues here. I think if we boiled it down and distilled it, at the end of the day, he doesn't like my assessment of the evidence and my assessment of where we stand with the case, and that's the part that displease[s] him most.

The Court: Did that Change since the Call of the List when he indicated he was ready to go to trial?
[Defense Counsel]: My assessment of the evidence?
The Court: Yes.
[Defense Counsel]: No, it's- - frankly, on a number of levels it's remained quite possibly as negative as could be. (Notes of Testimony: December 9, 2015, page 19).

After speaking with the Court and his counsel, [Appellant] decided to enter a no contest guilty plea. At that time, the following exchange between the Court and [Appellant] took place:

The Court: Are you satisfied with your attorney and the way you have been represented?
[Appellant]: I am, Your Honor.

- 13 -

The Court: Knowing all things that we have discussed, do you still wish to enter a plea of no contest to the charges as the[y] have been presented?
[Appellant]: I do, Your Honor. (Notes of Testimony: December 9, 2015, page 46-47).

[Appellant] was asked specifically by the Court whether [Appellant] was satisfied with his representation. At that time, directly after entering the no contest plea, [Appellant] said he was satisfied. It was not until [Appellant] came for sentencing that [Appellant] claimed he was forced to enter the plea.

On December 9, 2[01]5, [Appellant] and counsel came into court for the purpose of determining whether counsel would be excused and whether a continuance was needed. At that time, the Court went over all of the options with [Appellant], and [Appellant] stated that he understood everything and ultimately was satisfied with his representation and his decision to sign the no contest plea. (Notes of Testimony: December 9, 2015).

This [c]ourt finds that [Appellant] was not forced into entering a no contest plea, and [Appellant] entered into the no contest plea knowing that absent unforeseen circumstances, [Appellant] would not be allowed to withdraw that plea because a jury had been selected, witnesses subpoenaed and both attorneys were ready for trial. [Appellant] was satisfied with his representation on the day that he entered the plea.

Further, this Court finds that [Appellant] fails to meet the two prong test set out in **Commonwealth v. Forbes**. The two prong test regarding withdrawal of a guilty plea is: (1) the defendant has provided a "fair and just reason" for withdrawal of his plea; and (2) the Commonwealth will not be "substantially prejudiced in bringing the case to trial." **Commonwealth v. Forbes**, 299 A.2d 268 (1973). In this case, [Appellant] has not provided a "fair and just reason" for withdrawal because every reason [Appellant] is claiming entitles him to [withdraw] his plea [was a reason] that he had [given] on December 9, 2015, before he ultimately decided that he was satisfied with his counsel and wanted to [enter] a no contest plea. [Appellant] knew of and addressed these issues before he entered into the no contest plea, therefore, these issues are not new to [Appellant] and

- 14 -

cannot suddenly be used by [Appellant] as a reason to [withdraw] his plea.

The second prong of this test is also not satisfied because the Commonwealth would be substantially prejudiced in bringing the case to trial after [Appellant] entered a no contest plea because the victim has already started to move on. Bringing this case to trial at this time would cause significant emotional harm to the young victim. For these reasons, [Appellant's] Motion to withdraw his plea is denied.

Trial Court Opinion, 7/29/16, at 11-13.

Our review of the certified record reflects that Appellant did not meet either of the two prongs of the pertinent test. As the trial court concluded, "[Appellant] has not provided a 'fair and just reason' for withdrawal." Trial Court Opinion, 7/29/16, at 13. Indeed, Appellant merely asserted his innocence immediately before sentencing and alleged that he entered his plea because he was not satisfied with defense counsel. N.T., 3/2/16, at 8-9. Appellant entered his guilty plea in the late afternoon of December 9, 2015, after a jury was chosen and the witnesses assembled. N.T., 12/9/15, at 37-53. However, Appellant did not seek to withdraw his plea until the morning of sentencing, three months later. N.T., 3/2/16, at 3. In so doing, Appellant simply averred that he was innocent and that he entered his plea under duress. *Id*. at 8-9. Such assertions in a last-minute motion to withdraw a plea do not amount to a colorable claim of innocence or suggest that Appellant should have been permitted to withdraw the plea in the interest of justice.

Moreover, as the trial court aptly notes, "[Appellant] knew of and addressed these issues before he entered into the no contest plea, therefore, these issues are not new to [Appellant] and cannot suddenly be used by [Appellant] as a reason to [withdraw] his plea." Trial Court Opinion, 7/29/16, at 13. As the record reflects, the trial court conducted an extensive plea colloquy prior to accepting the plea at which time Appellant stated that he was satisfied with counsel's representation. N.T., 12/9/15, at 46-47. In addition, Appellant completed a written colloquy in which he affirmed that he was satisfied with the representation he received from defense counsel and that he had ample opportunity to consult with his attorney. Plea Colloquy, 12/9/15, at 4. Hence we discern no abuse of discretion by the trial court in concluding that Appellant failed to assert a plausible claim of innocence or to show that permitting withdrawal of the plea would promote fairness and justice.[5]

---

[5] Because Appellant did not demonstrate the first prerequisite, we need not consider whether the withdrawal of the plea would substantially prejudice the Commonwealth. However, as previously indicated, Appellant entered his plea after a jury was chosen and witnesses assembled to proceed with his trial. As a result of the plea, the jury was released and the witnesses were dismissed. Our Supreme Court has found substantial prejudice and affirmed the denial of a defendant's pre-sentence motion to withdraw a guilty plea where the Commonwealth dismissed numerous key witnesses in reliance on the plea. ***Commonwealth v. Ross***, 447 A.2d 942 (Pa. 1982).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2017